1  Mark J. Dillon (State Bar No. 108329)
   mdillon@gdandb.com
2  Lori D. Ballance (State Bar No. 133469)
3  lballance@gdandb.com
   Yana L. Ridge (State Bar No. 306532)
4  yridge@gdandb.com
5  Gatzke Dillon & Ballance LLP
   2762 Gateway Road
6  Carlsbad, California 92009
7  Telephone: (760) 431-9501
   Facsimile:  (760) 431-9512
8

9  Attorneys for Defendant/Respondent,
10 City of Torrance

11 **[See Next Page for Additional Counsel]**

12         **UNITED STATES DISTRICT COURT**
13
           **CENTRAL DISTRICT OF CALIFORNIA**
14

15
16 TORRANCE AIRPORT            )  Case No.
   ASSOCIATION, CHAPTER OF     )
17 CALIFORNIA PILOTS           )  **NOTICE OF REMOVAL OF**
   ASSOCIATION, a California Nonprofit ) **CASE TO FEDERAL COURT**
18 Public Benefit Corporation, )  **PURSUANT TO 28 U.S.C. §§ 1331,**
19                             )  **1441, AND 1446**
              Plaintiff/Petitioner, )
20                             )
21 v.                          )  Petition Filed: March 8, 2024
                               )
22 CITY OF TORRANCE,           )
23                             )
              Defendant/Respondent. )
24                             )

25
26
27
28

1  Patrick Q. Sullivan (State Bar No. 179922)
2  psullivan@torranceca.gov
   Tatia Y. Strader (State Bar No. 198735)
3  tstrader@torranceca.gov
4  Office of the City Attorney
   3031 Torrance Blvd.
5  Torrance, California 90503
6  Telephone: (310) 618-5810
   Facsimile:  (310) 618-5813
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TO THE COURT, COUNSEL, AND ALL PARTIES:**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant and Respondent City of Torrance (City) hereby removes this state court action from the Los Angeles County Superior Court of the State of California (Case No. 24STCP00729) to the United States District Court, Central District of California, and the grounds for its removal are that the action asserts the City's adoption of an aircraft landing fee ordinance (Ordinance No. 3927) is preempted by federal law, giving rise to this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, as described below.

## I. Background

On March 8, 2024, Plaintiff/Petitioner Torrance Airport Association, Chapter of California Pilots Association, a California nonprofit public benefit corporation (Plaintiff) filed a verified petition for writs of administrative mandamus, traditional mandate, and other extraordinary relief (Complaint), challenging the validity of the City's Ordinance No. 3927 — an ordinance adopted by its City Council amending the Torrance Municipal Code to charge a landing fee to any individual or entity landing an aircraft at Torrance Municipal Airport, Zamperini Field (Airport). The City is the owner and operator of the Airport. Attached hereto as Exhibit "A" is a true and correct copy of Plaintiff's summons, Complaint, and all other documents, which were served on the City. Exhibit "A" is incorporated herein by reference.

The City was served with the summons and Complaint on March 20, 2024. The Complaint asserts two purported claims or causes of action: (1) writ of administrative mandamus; and (2) writ of traditional mandate. Each claim realleges and incorporates by reference all prior factual allegations, including Plaintiff's claim that the City's adopted landing fees on aircraft landing at the airport "is preempted by federal law." Complaint at 8.

Specifically, the Complaint alleges that the "regulation of aircraft flight rests solely with the Federal Aviation Administration" (FAA) and that "any attempt by

City to regulate the airspace above Torrance Airport has been preempted," including the "regulation of flights." *Id*. at 8, ¶ 28.  Plaintiff further alleges on information and belief that "Ordinance No. 3927 was adopted for the improper purpose of regulating flying aircraft by reducing the number of flights into the Airport by imposing a discouraging landing fee on aircraft." *Id*. at 9, ¶ 32.  It also alleges that "[r]egulating flying aircraft is clearly preempted by federal law," and that as of "February 1, 2024, City is in the process of invoicing and collecting landing fees." *Id*. at 9, ¶¶ 32, 33.  Among other relief requested, Plaintiff seeks an order vacating and repealing Ordinance No. 3927 and the refund of all collected landing fees.  *Id*. at 13, Prayer for Relief.

**II.   Venue**

Plaintiff filed its Complaint in the Los Angeles County Superior Court.  Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1441(a) because it encompasses the county in which the state court action is pending.

**III.  This Court Has Subject Matter Jurisdiction Over This Action**

Under 28 U.S.C. § 1331, United States District Courts have original jurisdiction of "all civil actions arising under the Constitution, laws, or treaties of the United States."  This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the grounds on which Plaintiff challenges the validity of Ordinance No. 3927 is federal preemption.  Specifically, in its Complaint, Plaintiff alleges that Ordinance No. 3927 is preempted by federal law, arguing that under 49 U.S.C. section 40103(a)(1), the U.S. government, through the Federal Aviation Administration, has exclusive sovereignty over the airspace of the United States.

**IV.   Removal is Timely**

This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(1) because it is being filed within 30 days of March 20, 2024, the date on which the City was served with the summons and Complaint.

## V. Notice to Plaintiff

Concurrently with the filing of this Notice of Removal in this Court, the City will serve written notice of removal on Plaintiff's counsel and file a copy of this Notice with the Clerk of the Los Angeles County Superior Court, as required by 28 U.S.C. § 1446(d).  By this Notice of Removal, the City does not waive any objections it may have as to service, jurisdiction, or venue; or any other defenses or objections it may have to this state court action. By this Notice, the City makes no admission of fact, law, or liability, and expressly reserves all challenges, defenses, motions, and/or pleas.

WHEREFORE, the City removes the above-captioned action to this Court.

April 3, 2024                              OFFICE OF CITY ATTORNEY

By: */s/ Patrick Q. Sullivan*
Patrick Q. Sullivan
Attorney for City of Torrance

April 3, 2024                              GATZKE DILLON & BALLANCE LLP

By: /s/ *Mark J. Dillon*
Mark J. Dillon
Lori D. Ballance
Attorneys for City of Torrance

# PROOF OF SERVICE

I declare that I am employed with the law firm of Gatzke Dillon &Ballance LLP, whose address is 2762 Gateway Road, Carlsbad, California 92009. I am not a party to the within cause, and I am over the age of eighteen years.

I hereby certify that on April 3, 2024, I served by overnight mail and electronic mail the foregoing NOTICE OF REMOVAL, including exhibits, on the following persons at the following addresses in accordance with L.R. 5-3-.2 and F.R.Civ.P. 5.

> David M. Shaby II, Esq.
> R. Christopher Harshman, Esq.
> David M. Shaby II & Associates, APC
> 11949 Jefferson Boulevard, Suite 104
> Culver City, California 90230
> docket@shabyandassociates.com
>
> Stan M. Barankiewicz II, Esq.
> Orbach Huff and Henderson LLP
> 1901 Avenue of the Stars, Suite 575
> Los Angeles, California 90067
> sbarankiewicz@ohhlegal.com
>
> *Attorneys for Petitioner, Torrance Airport Association, Chapter of California Pilots Association*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at Carlsbad, California on April 3, 2024.

*[signature: Rainee Fend]*
Rainee Fend