# EXHIBIT "A"

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO RESPONDENTS:**
*(AVISO AL DEMANDADO):*
CITY OF TORRANCE, a California municipal corporation and ROES 1 through 100,

**YOU ARE BEING SUED BY PETITIONER:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
TORRANCE AIRPORT ASSOCIATION, CHAPTER OF CALIFORNIA PILOTS ASSOCIATION, a California Nonprofit Public Benefit Corporation,

COT - CITY CLERK
'24 MAR 20 PM 12:21

Electronically FILED by
Superior Court of California,
County of Los Angeles
3/08/2024 7:02 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By S. Ruiz, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Los Angeles County Superior Court
Central District - Stanley Mosk Courthouse
111 N. Hill Street
Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):*
**24STCP00729**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Stan M. Barankiewicz II, Esq., ORBACH HUFF & HENDERSON LLP, 1901 Avenue of the Stars, Suite 575, Los Angeles CA, 90067 (310) 788-9200 & David M. Shaby II, Esq., DAVID M. SHABY II & ASSOCIATES, APC, 11949 Jefferson Blvd, Suite 104, Culver City, CA 90230 (310) 827-7171

David W. Slayton, Executive Officer/Clerk of Court

| DATE:<br>*(Fecha)* 03/08/2024 | Clerk, by<br>*(Secretario)* S. Ruiz | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):*  CITY OF TORRANCE, a California municipal corporation
   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
         ☒ other *(specify):* CCP416.50 Public Entity
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1    **David M. Shaby II, Esq. (State Bar No. 97871)**
     dshaby@shabyandassociates.com
2    **R. Christopher Harshman, Esq. (State Bar No. 248214)**
     charshman@shabyandassociates.com
3    **DAVID M. SHABY II & ASSOCIATES, APC**
     **11949 Jefferson Boulevard, Suite 104**
4    **Culver City, CA 90230**
     **Telephone: (310) 827-7171**
5    **Service address: docket@shabyandassociates.com**

6    **Stan M. Barankiewicz II, Esq. (State Bar No. 204513)**
     **ORBACH HUFF & HENDERSON LLP**
7    **1901 Avenue of the Stars, Suite 575**
     **Los Angeles, California 90067-6007**
8    **Telephone: (310) 788-9200**
     **Facsimile: (310) 788-9210**
9    **sbarankiewicz@ohhlegal.com**

10    Attorneys for Petitioner
     TORRANCE AIRPORT ASSOCIATION,
11    CHAPTER OF CALIFORNIA PILOTS ASSOCIATION

FILED
Superior Court of California
County of Los Angeles
03/08/2024
David W. Slayton, Executive Officer / Clerk of Court
By: _____A. Estorga-Grant_____ Deputy

12        **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13           **FOR THE COUNTY OF LOS ANGELES**

14

15    TORRANCE AIRPORT ASSOCIATION,     CASE NO.: 24STCP00729
     CHAPTER OF CALIFORNIA PILOTS
16    ASSOCIATION, a California Nonprofit Public     UNLIMITED JURISDICTION
     Benefit Corporation,
17                           **PETITIONER'S REQUEST TO CITY OF**
          Petitioner,          **TORRANCE TO PREPARE**
18                           **ADMINISTRATIVE RECORD**
     v.
19                           [Verified Petition for Writs of Administrative
                          Mandamus & Traditional Mandate filed
20    CITY OF TORRANCE, a California municipal   concurrently herewith]
     corporation and ROES 1 through 100,
21
          Respondents,
22

23

24

25

26    _____

27

28

1
PETITIONER'S REQUEST TO CITY OF TORRANCE TO PREPARE ADMINISTRATIVE RECORD

ORBACH HUFF & HENDERSON LLP

1    Pursuant to Code of Civil Procedure section 1094.6(c) and Government Code section 111523,

2  Petitioner, TORRANCE AIRPORT ASSOCIATION, CHAPTER OF CALIFORNIA PILOTS

3  ASSOCIATION ("TAA") hereby requests that Respondent CITY OF TORRANCE ("City") prepare,

4  serve, and lodge the City's administrative record in the above-captioned case, as it relates to the City's

5  considering, adopting, and passing Ordinance No. 3927, An Ordinance of the City Council of the City

6  of Torrance, Amending Torrance Municipal Code Section 51.2.30 Entitled "Definition of Revenue

7  Operations", Section 51.2.31 Entitled "Fee for Revenue Operations" and Repealing Section 51.2.32

8  Entitled Refusal for Clearance".  The administrative record must include, but not be limited to, all

9  records relied upon by the City, including, all supporting agendas, staff reports, exhibits, a transcript

10  of the video-taped recording of the administrative proceedings, memorandums, communications,

11  notes and all other supporting documents relied upon by City in its consideration and final adoption

12  and passage of Ordinance No. 3927 on December 12, 2023.

13    Additionally, Petitioner requests that City provide a cost estimate for the preparation of the

14  administrative record.

15    Upon completion, please deliver to the undersigned a copy of the administrative record.

16  DATED:  March 8, 2024          DAVID M. SHABY II & ASSOCIATES, APC

18  By: _____
19  David M. Shaby II, Esq.
    R. Christopher Harshman, Esq.
20  Attorneys for Petitioner
    TORRANCE AIRPORT ASSOCIATION,
21  CHAPTER OF CALIFORNIA PILOTS
    ASSOCIATION

23  ORBACH HUFF & HENDERSON LLP

25  By: _____
    Stan M. Barankiewicz II, Esq.
26  Attorneys for Petitioner
    TORRANCE AIRPORT ASSOCIATION,
27  CHAPTER OF CALIFORNIA PILOTS
    ASSOCIATION

ORBACH HUFF & HENDERSON LLP

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Stan M. Barankiewicz II, Esq. (SBN 204513)<br>ORBACH HUFF & HENDERSON LLP, 1901 Avenue of the Stars, Suite 575<br>Los Angeles, CA 90067<br>TELEPHONE NO.: (310) 788-9200   FAX NO.: (310) 788-9210<br>EMAIL ADDRESS: sbarankiewicz@ohhlegal.com<br>ATTORNEY FOR *(Name):* Petitioner | **Electronically FILED by**<br>**Superior Court of California,**<br>**County of Los Angeles**<br>**3/08/2024 7:02 PM**<br>**David W. Slayton,**<br>**Executive Officer/Clerk of Court,**<br>**By S. Ruiz, Deputy Clerk** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: STANLEY MOSK COURTHOUSE

CASE NAME: TORRANCE AIRPORT ASSOCIATION, CHAPTER OF CALIFORNIA
PILOTS ASSOCIATION v. CITY OF TORRANCE, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☒ Unlimited (Amount demanded exceeds $35,000) ☐ Limited (Amount demanded is $35,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 24STCP00729<br><br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☒ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☐ monetary b. ☒ nonmonetary; declaratory or injunctive relief c. ☐ punitive
4. Number of causes of action *(specify):* Two (2)
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 8, 2024

Stan M. Barankiewicz II, Esq.
(TYPE OR PRINT NAME) ▶ *(signature)* (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only. **Page 1 of 2**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or
   toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer
         or wrongful eviction)*
   Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner
      Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic
      relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non
      harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

| SHORT TITLE<br>TORRANCE AIRPORT ASSOCIATION, CHAPTER OF CALIFORNIA PILOTS<br>ASSOCIATION v. CITY OF TORRANCE, et al. | CASE NUMBER<br>24STCP00729 |

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1.  Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7.  Location where petitioner resides. |
| 2.  Permissive filing in Central District. | 8.  Location wherein defendant/respondent functions wholly. |
| 3.  Location where cause of action arose. | 9.  Location where one or more of the parties reside. |
| 4.  Location where bodily injury, death or damage occurred. | 10.  Location of Labor Commissioner Office. |
| 5.  Location where performance required, or defendant resides. | 11.  Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6.  Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist - Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct - Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| TORRANCE AIRPORT ASSOCIATION, CHAPTER OF CALIFORNIA PILOTS ASSOCIATION v. CITY OF TORRANCE, et al. | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury / Property Damage / Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord - Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability - Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice - Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non – Personal Injury / Property Damage / Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach - Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case - Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case - Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case - COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

| SHORT TITLE | | CASE NUMBER |
|---|---|---|
| TORRANCE AIRPORT ASSOCIATION, CHAPTER OF CALIFORNIA PILOTS ASSOCIATION v. CITY OF TORRANCE, et al. | | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract (Continued)** | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br><br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer - Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer - Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer - Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer - Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☒ 0201 Writ - Administrative Mandamus | (2) 8 |
| | | ☐ 0202 Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionall y Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| TORRANCE AIRPORT ASSOCIATION, CHAPTER OF CALIFORNIA PILOTS ASSOCIATION v. CITY OF TORRANCE, et al. | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation (Continued)** | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| TORRANCE AIRPORT ASSOCIATION, CHAPTER OF CALIFORNIA PILOTS ASSOCIATION v. CITY OF TORRANCE, et al. | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON: | ADDRESS: |
|---|---|
| ☐ 1. ☒ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | 3031 Torrance Blvd. |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| Torrance | CA | 90503 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the  CENTRAL
District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: March 8, 2024

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

<table>
<tr><td colspan="2">

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

### NOTICE OF CASE ASSIGNMENT

### UNLIMITED CIVIL CASE

</td>
<td>

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

03/08/2024

David W. Slayton, Executive Officer / Clerk of Court

By: _____ S. Ruiz _____ Deputy

</td></tr>
<tr><td colspan="2">**Your case is assigned for all purposes to the judicial officer indicated below.**</td>
<td>CASE NUMBER:<br>24STCP00729</td></tr>
</table>

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | James C. Chalfant | 85 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 03/11/2024
    (Date)

David W. Slayton, Executive Officer / Clerk of Court

By S. Ruiz _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

### NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

CM-015

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Stan M. Barankiewicz II, Esq. (SBN 204513)<br>ORBACH HUFF & HENDERSON LLP<br>1901 Avenue of the Stars, Suite 575<br>Los Angeles, CA 90067<br>TELEPHONE NO.: (310) 788-9200        FAX NO. *(Optional):* (310) 788-9210<br>E-MAIL ADDRESS *(Optional):* sbarankiewicz@ohhlegal.com<br>ATTORNEY FOR *(Name):* Petitioner | *FOR COURT USE ONLY*<br><br>**Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>3/08/2024 7:02 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By S. Ruiz, Deputy Clerk** |

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**<br>STREET ADDRESS: 111 N. Hill Street<br>MAILING ADDRESS: 111 N. Hill Street<br>CITY AND ZIP CODE: Los Angeles, CA 90012<br>BRANCH NAME: Stanley Mosk Courthouse | |
| **PLAINTIFF/PETITIONER:** TORRANCE AIRPORT ASSOCIATION, CHAPTER OF CALIFORNIA PILOTS ASSOCIATION<br>**DEFENDANT/RESPONDENT:** CITY OF TORRANCE, et al. | CASE NUMBER:<br>24STCP00729 |
| | JUDICIAL OFFICER: |
| **NOTICE OF RELATED CASE** | DEPT.: |

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1.  a.  Title: Sling Flying Club, LLC DBA Sling Pilot Academy v. City of Torrance, et al.

    b.  Case number: 23STCP04538

    c.  Court: ☒    same as above

    ☐    other state or federal court *(name and address):*

    d.  Department: 82

    e.  Case type: ☐ limited civil ☒ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*

    f.  Filing date: December 18, 2023

    g.  Has this case been designated or determined as "complex?" ☐   Yes ☒   No

    h.  Relationship of this case to the case referenced above *(check all that apply):*

    ☒   involves the same parties and is based on the same or similar claims.

    ☒   arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

    ☐   involves claims against, title to, possession of, or damages to the same property.

    ☐   is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

    ☐   Additional explanation is attached in attachment 1h

    i.  Status of case:

    ☒   pending

    ☐   dismissed ☐ with ☐ without prejudice

    ☐   disposed of by judgment

2.  a.  Title:

    b.  Case number:

    c.  Court: ☐   same as above

    ☐   other state or federal court *(name and address):*

    d.  Department:

Form Approved for Optional Use<br>Judicial Council of California<br>CM-015 [Rev. July 1, 2007]

**NOTICE OF RELATED CASE**

Cal. Rules of Court, rule 3.300<br>www.courtinfo.ca.gov

CM-015

| PLAINTIFF/PETITIONER: TORRANCE AIRPORT ASSOCIATION, CHAPTER OF CALIFORNIA PILOTS ASSOCIATION<br>DEFENDANT/RESPONDENT: CITY OF TORRANCE, et al. | CASE NUMBER: |
|---|---|

2.  *(continued)*

    e.  Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☐ other *(specify)*:

    f.  Filing date:

    g.  Has this case been designated or determined as "complex?" ☐ Yes ☐ No

    h.  Relationship of this case to the case referenced above *(check all that apply)*:

        ☐ involves the same parties and is based on the same or similar claims.

        ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

        ☐ involves claims against, title to, possession of, or damages to the same property.

        ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

          ☐ Additional explanation is attached in attachment 2h

    i.  Status of case:

        ☐ pending

        ☐ dismissed ☐ with ☐ without prejudice

        ☐ disposed of by judgment

3.  a.  Title:

    b.  Case number:

    c.  Court: ☐ same as above

        ☐ other state or federal court *(name and address)*:

    d.  Department:

    e.  Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☐ other *(specify)*:

    f.  Filing date:

    g.  Has this case been designated or determined as "complex?" ☐ Yes ☐ No

    h.  Relationship of this case to the case referenced above *(check all that apply)*:

        ☐ involves the same parties and is based on the same or similar claims.

        ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

        ☐ involves claims against, title to, possession of, or damages to the same property.

        ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

          ☐ Additional explanation is attached in attachment 3h

    i.  Status of case:

        ☐ pending

        ☐ dismissed ☐ with ☐ without prejudice

        ☐ disposed of by judgment

4.  ☐ Additional related cases are described in Attachment 4. Number of pages attached:_____

Date: March 8, 2024

Stan M. Barankiewicz II, Esq.
        (TYPE OR PRINT NAME OF PARTY OR ATTORNEY)

▶ *Stan M. Barankiewicz II*
        (SIGNATURE OF PARTY OR ATTORNEY)

**CM-015**

| PLAINTIFF/PETITIONER:   TORRANCE AIRPORT ASSOCIATION, CHAPTER OF CALIFORNIA PILOTS ASSOCIATION | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  CITY OF TORRANCE, et al. | |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF RELATED CASE

*(NOTE: You cannot serve the **Notice of Related Case** if you are a party in the action. The person who served the notice must complete this proof of service. The notice must be served on all known parties in each related action or proceeding.)*

1.  I am at least 18 years old and **not a party to this action.** I am a resident of or employed In the county where the mailing took place, and my residence or business address is *(specify):*

2.  I served a copy of the *Notice of Related Case* by enclosing it in a sealed envelope with first-class postage fully prepaid and *(check one):*

    a. ☐  deposited the sealed envelope with the United States Postal Service.

    b. ☐  placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3.  The *Notice of Related Case* was mailed:
    a.  on *(date):*
    b.  from *(city and state):*

4.  The envelope was addressed and mailed as follows:

    a.  Name of person served:                       c.  Name of person served:

        Street address:                                   Street address:

        City:                                             City:

        State and zip code:                               State and zip code:

    b.  Name of person served:                       d.  Name of person served:

        Street address:                                   Street address:
        City:                                             City:
        State and zip code:                               State and zip code:

☐  Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____                ▶        _____
(TYPE OR PRINT NAME OF DECLARANT)                             (SIGNATURE OF DECLARANT)

CM-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | *FOR COURT USE ONLY* |
|---|---|

Stan M. Barankiewicz II, Esq. (SBN 204513)
ORBACH HUFF & HENDERSON LLP
1901 Avenue of the Stars, Suite 575
Los Angeles, CA 90067
TELEPHONE NO.: (310) 788-9200        FAX NO. *(Optional):* (310) 788-9210
E-MAIL ADDRESS *(Optional):* sbarankiewicz@ohhlegal.com
ATTORNEY FOR *(Name):* Petitioner

**Electronically FILED by
Superior Court of California,
County of Los Angeles
3/12/2024 11:55 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By A. Lopez, Deputy Clerk**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **LOS ANGELES**
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

PLAINTIFF/PETITIONER: TORRANCE AIRPORT ASSOCIATION, CHAPTER OF
CALIFORNIA PILOTS ASSOCIATION
DEFENDANT/RESPONDENT: CITY OF TORRANCE, et al.

CASE NUMBER:
24STCP00729

JUDICIAL OFFICER:
Hon. James C. Chalfant

| **AMENDED NOTICE OF RELATED CASE** | DEPT.:
85 |

---

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1.  a.  Title: Sling Flying Club, LLC DBA Sling Pilot Academy v. City of Torrance, et al.

    b.  Case number: 23STCP04538

    c.  Court: ☒  same as above

    ☐  other state or federal court *(name and address):*

    d.  Department: 82

    e.  Case type: ☐ limited civil ☒ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*

    f.  Filing date: December 18, 2023

    g.  Has this case been designated or determined as "complex?" ☐ Yes ☒ No

    h.  Relationship of this case to the case referenced above *(check all that apply):*

    ☐  involves the same parties and is based on the same or similar claims.

    ☒  arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

    ☐  involves claims against, title to, possession of, or damages to the same property.

    ☒  is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

    ☒  Additional explanation is attached in attachment 1h

    i.  Status of case:

    ☒  pending

    ☐  dismissed ☐ with ☐ without prejudice

    ☐  disposed of by judgment

2.  a.  Title:

    b.  Case number:

    c.  Court: ☐  same as above

    ☐  other state or federal court *(name and address):*

    d.  Department:

Form Approved for Optional Use
Judicial Council of California
CM-015 [Rev. July 1, 2007]

**AMENDED NOTICE OF RELATED CASE**

Cal. Rules of Court, rule 3.300
www.courtinfo.ca.gov

CM-015

| PLAINTIFF/PETITIONER:  TORRANCE AIRPORT ASSOCIATION, CHAPTER OF CALIFORNIA PILOTS ASSOCIATION<br>DEFENDANT/RESPONDENT:  CITY OF TORRANCE, et al. | CASE NUMBER:<br>24STCP00729 |
|---|---|

2. *(continued)*

    e. Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☐ other *(specify)*:

    f. Filing date:

    g. Has this case been designated or determined as "complex?" ☐ Yes ☐ No

    h. Relationship of this case to the case referenced above *(check all that apply):*

      ☐ involves the same parties and is based on the same or similar claims.

      ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

      ☐ involves claims against, title to, possession of, or damages to the same property.

      ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

        ☐ Additional explanation is attached in attachment 2h

    i. Status of case:

      ☐ pending

      ☐ dismissed ☐ with ☐ without prejudice

      ☐ disposed of by judgment

3. a. Title:

    b. Case number:

    c. Court: ☐ same as above

         ☐ other state or federal court *(name and address):*

    d. Department:

    e. Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☐ other *(specify)*:

    f. Filing date:

    g. Has this case been designated or determined as "complex?" ☐ Yes ☐ No

    h. Relationship of this case to the case referenced above *(check all that apply):*

      ☐ involves the same parties and is based on the same or similar claims.

      ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

      ☐ involves claims against, title to, possession of, or damages to the same property.

      ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

        ☐ Additional explanation is attached in attachment 3h

    i. Status of case:

      ☐ pending

      ☐ dismissed ☐ with ☐ without prejudice

      ☐ disposed of by judgment

4. ☐ Additional related cases are described in Attachment 4. Number of pages attached:_____

Date: March 12, 2024

Stan M. Barankiewicz II, Esq.
_____
    (TYPE OR PRINT NAME OF PARTY OR ATTORNEY)

▶    *(signature)*
_____
    (SIGNATURE OF PARTY OR ATTORNEY)

**AMENDED NOTICE OF RELATED CASE**

**CM-015**

| PLAINTIFF/PETITIONER:   TORRANCE AIRPORT ASSOCIATION, CHAPTER OF CALIFORNIA PILOTS ASSOCIATION | CASE NUMBER: 24STCP00729 |
|---|---|
| DEFENDANT/RESPONDENT:  CITY OF TORRANCE, et al. | |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF RELATED CASE

*(NOTE: You cannot serve the Notice of Related Case if you are a party in the action. The person who served the notice must complete this proof of service. The notice must be served on all known parties in each related action or proceeding.)*

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed In the county where the mailing took place, and my residence or business address is *(specify):*

2. I served a copy of the *Notice of Related Case* by enclosing it in a sealed envelope with first-class postage fully prepaid and *(check one):*

   a. ☐   deposited the sealed envelope with the United States Postal Service.

   b. ☐   placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Related Case* was mailed:

   a.  on *(date):*

   b.  from *(city and state):*

4. The envelope was addressed and mailed as follows:

   a.  Name of person served:

   Street address:

   City:

   State and zip code:

   b.  Name of person served:

   Street address:
   City:
   State and zip code:

   c.  Name of person served:

   Street address:

   City:

   State and zip code:

   d.  Name of person served:

   Street address:
   City:
   State and zip code:

☐   Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶

_____
(TYPE OR PRINT NAME OF DECLARANT)

_____
(SIGNATURE OF DECLARANT)

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| TORRANCE AIRPORT ASSOCIATION, CHAPTER OF CALIFORNIA PILOTS ASSOCIATION v. CITY OF TORRANCE, et al. | 24STCP00729 |

**ATTACHMENT** *(Number):* 1h _____

*(This Attachment may be used with any Judicial Council form.)*

Case involves simliar issue of whether the enactment of ordinance is federally preempted by the FAA's exclusive jurisdiction over airspace.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 1 of 1

*(Add pages as required)*

**ATTACHMENT**
**to Judicial Council Form**

*www.courtinfo.ca.gov*

Electronically FILED by
Superior Court of California,
County of Los Angeles
3/08/2024 7:02 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By S. Ruiz, Deputy Clerk

1   David M. Shaby II, Esq. (State Bar No. 97871)
    dshaby@shabyandassociates.com
2   R. Christopher Harshman, Esq. (State Bar No.  248214)
    charshman@shabyandassociates.com
3   **DAVID M. SHABY II & ASSOCIATES, APC**
    **11949 Jefferson Boulevard, Suite 104**
4   **Culver City, CA 90230**
    **Telephone:  (310) 827-7171**
5   Service address: docket@shabyandassociates.com

6   Stan M. Barankiewicz II, Esq. (State Bar No. 204513)
    **ORBACH HUFF & HENDERSON LLP**
7   **1901 Avenue of the Stars, Suite 575**
    **Los Angeles, California 90067-6007**
8   **Telephone:  (310) 788-9200**
    **Facsimile:   (310) 788-9210**
9   sbarankiewicz@ohhlegal.com

10  Attorneys for Petitioner
    TORRANCE AIRPORT ASSOCIATION,
11  CHAPTER OF CALIFORNIA PILOTS ASSOCIATION

12              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13                  **FOR THE COUNTY OF LOS ANGELES**

14

15  TORRANCE AIRPORT ASSOCIATION,          CASE NO.: 24STCP00729
    CHAPTER OF CALIFORNIA PILOTS
16  ASSOCIATION, a California Nonprofit Public    UNLIMITED JURISDICTION
    Benefit Corporation,
17                                                 **VERIFIED PETITION FOR WRITS OF:**
                        Petitioner,
18                                                 **(1) ADMINISTRATIVE MANDAMUS**
    v.                                                 **(CCP § 1094.5)**
19                                                 **(2) TRADITIONAL MANDATE (CCP §**
                                                       **1085)**
20  CITY OF TORRANCE, a California municipal           **AND**
    corporation and ROES 1 through 100,            **(3) OTHER EXTRAORDINARY**
21                                                       **RELIEF**
                        Respondents,
22                                                 [Petitioner's    Request    to    Prepare    the
                                                   Administrative    Record    filed    concurrently
23                                                 herewith]

24

25

26

27          Petitioner TORRANCE AIRPORT ASSOCIATION, CHAPTER OF CALIFORNIA PILOTS

28  ASSOCIATION ("TAA") hereby brings the following Verified Petition for Writs of Administrative

_ORBACH HUFF & HENDERSON LLP_

1
VERIFIED PETITION FOR WRITS OF ADMINISTRATIVE MANDAMUS & TRADITIONAL MANDATE

Mandamus and Traditional Mandate ("Petition") against Respondent CITY OF TORRANCE ("City"), and ROES 1 through 100, and allege as follows:

**PARTIES**

1.     TAA, a California Nonprofit Public Benefit Corporation, is now, and at all relevant times mentioned herein, has been registered and approved to conduct business in the State of California, County of Los Angeles with its principal address 2785 Pacific Coast Highway #E164, Torrance, California 90505.   TAA was initially formed in 1991 as Torrance Airport Boosters Association with its Articles of Organization filed with the State of California Secretary of State ("Secretary") on February 8, 1991. One of its stated purposes is the "[p]reservation and enhancement of Torrance Airport as a public use facility."   On August 16, 1995, Torrance Airport Boosters Association filed with the Secretary a Certificate of Amendment of Articles of Incorporation changing its name to TAA.

2.     City is now, and at all relevant times mentioned herein, a California municipal corporation, a charter city, located in the County Los Angeles and the owner of Torrance Municipal Airport.

3.     Respondents 1 through 100 inclusive, whether individual, corporate, associate, or otherwise, are fictitious names of Respondents whose true names and capacities are, at this time, unknown to Petitioner. Petitioner allege that at all times herein mentioned, each of the Respondents sued herein as ROE was acting for himself/herself, or itself as an agent, servant, and employee of his/her or its co-respondents, and in doing the things hereinafter alleged, was acting within the scope of authority as that agent, servant and employee and with the knowledge, permission and/or consent of his/her or its co-respondents, and each of those factiously named respondents, whether acting for himself/herself or itself or as an agent, corporation, association, or otherwise, is in some way liable or responsible to Petitioner. At the time as Respondents' true names become known to them, Petitioner will seek leave to amend its Petition to insert those Respondents' true names. Reference herein to Respondents, without any other limitation, shall include both the specifically named and fictitiously named Respondents.

/ / /

VERIFIED PETITION FOR WRITS OF ADMINISTRATIVE MANDAMUS & TRADITIONAL MANDATE

ORBACH HUFF & HENDERSON LLP

**VENUE AND JURISDICTION**

4. Venue is proper in this Court per Code of Civil Procedure section 395(a) as the acts and omissions complained of herein occurred, and the property affected by those acts is located in Los Angeles County.

5. This Court has subject matter jurisdiction over this matter, pursuant to Code of Civil Procedure sections 1085 and 1094.5. TAA is an aggrieved person, as a person who itself or through a representative, appeared at the public hearings of the City Council and objected to the City's adoption of Ordinance No. 3927 ("Landing Fee Ordinance").

6. This Court has personal jurisdiction over each party in this action because each of them is either organized under the laws of the State of California, incorporated in, and/or qualified to conduct business, or conducting business, in the State of California and the County of Los Angeles.

7. The real property which is the subject of this Petition is located at and commonly known as Zamperini Field or Torrance Municipal Airport with the International Civil Aviation Organization ("ICAO") identifier of KTOA.

8. This action is commenced within the time limits imposed for this action under Code of Civil Procedure sections 1085 and 1094.5. Further, TAA has exhausted all available legal remedies prior to filing this Petition.

9. An ordinance is a legislative act that is reviewable by writ of mandate. (*Yes in My Back Yard. v. City of Culver City* (2023) 96 Cal.App.5th 1103, 1112-13.)

10. In accordance with Code of Civil Procedure section 1094.6(c), TAA has concurrently filed a request for City to prepare the administrative record.

**TORRANCE MUNICIPAL AIRPORT**

11. On March 5, 1948, the United States executed a Quitclaim Deed to City for a portion of the Torrance Municipal Airport, which was commonly referred to as the Lomita Flight Strip ("Airport"). As part of this Quitclaim Deed, City was required to not "limit its usefulness as an airport."

12. TAA is informed and believes, based on its review of publicly recorded documents and publicly available correspondence obtained via the Freedom of Information Act, that on March 22,

VERIFIED PETITION FOR WRITS OF ADMINISTRATIVE MANDAMUS & TRADITIONAL MANDATE

ORBACH HUFF & HENDERSON LLP

ORBACH HUFF & HENDERSON LLP

1   1956, the United States and the City entered into a deed conveying the "lands or interests in lands"

2   upon which the Airport sits to the City, on the condition that the City "will maintain the project

3   constructed thereon," i.e., as the Federal Aviation Administration has interpreted (in, e.g. an April 7,

4   2004 letter from Mark McClardy, Manager, Airports Division, FAA, "coordinated with the Airports

5   Division and the Office of the Regional counsel at the FAA Western-Pacific Region, and the Office

6   of Airports and the Office of the Chief Counsel at Headquarters"), that the City maintain the Airport

7   as an Airport. This deed was accepted by a resolution approved by the then Mayor of the City on May

8   1, 1956.

9                                    **TAA'S OPERATIONS AT THE AIRPORT**

10            13.     Over 25 years ago, TAA began operations in support of the Airport. At the time of

11   filing, TAA had 148 Airport user members, many of whom have aircraft that are subject to the Landing

12   Fee Ordinance.

13                                    **CITY'S ATTACK ON FLYING AIRCRAFT**

14            14.     On October 25, 1977, under Subject 10, Airport Noise Ordinance, City Council

15   separately created, approved, and adopted Resolution No. 77-215, a Resolution of the City Council of

16   the City of Torrance Reaffirming a Previously Adopted Policy to Institute a Program of Aircraft Noise

17   Abatement and Directing the City Manager and Other City Officials to Take Certain Steps to

18   Implement Such Program.  In the fifth Whereas clause of Resolution No. 77-215, it states, "[T]he

19   volume of flights emanating from Torrance Municipal Airport will be controlled at a level compatible

20   with community tranquility…." Section 1 of Resolution No. 77-215 states, "That it hereby reaffirms

21   the noise abatement policies for the Torrance Municipal Airport which it has previously adopted

22   (supplementary to those polices which are the subject of the noise abatement ordinance), to wit:"

23   Section 1, Item 16 of Resolution No. 77-215 states, "That the number of flight schools on the Airport

24   be limited to six (the number of schools now operating)." ("6-Flight School Limitation".)  Section 1,

25   Item 21 of Resolution No. 77-215 states, "That the City Manager seek alternative training fields for

26   training flights, particularly touch and go and stop and go operations."

27            15.     In November 1981, City published the Torrance Municipal Airport Aircraft Noise

28   Control and Land Use Compatibility Study ("ANCLUC Report").   On page 1-1 of the ANCLUC

4

VERIFIED PETITION FOR WRITS OF ADMINISTRATIVE MANDAMUS & TRADITIONAL MANDATE

Report, it states, "The long history of over 1000 flight operations per day at Torrance Municipal Airport (TOA) has produced conflicts with surrounding residential land uses that were sufficient to cause the City to initiate a comprehensive aircraft noise abatement program."

16.     On December 14, 2021, City Council considered Agenda Item 9H, Community Development – Award Consulting Services Agreement for Airport Noise Monitoring System and Authorize an Additional Environmental Quality Officer. Expenditure: $627,078 (Non-General Fund). Numerous comments were made complaining about flying aircraft from flight schools.

17.     On March 29, 2022, City Council considered Agenda Item 9B, Community Development – Accept and File Torrance Municipal Airport (Zamperini Field) Noise Abatement Update. Expenditure: None. During consideration of this Agenda Item, City Council listened to discussions on the Torrance Municipal Code Section 51.2.3(e)'s prohibition on early left turns and the number of flights due to the flight schools at Torrance Municipal Airport. Numerous comments were made complaining about aircraft flying over homes and that something has to be done.

18.     On November 8, 2022, City Council considered Agenda Item 9I, City Attorney, Community Development, and General Services – Accept and File Torrance Municipal Airport (Zamperini Field) Noise Abatement and Airport Operations Update and Review and Provide Direction on Implementation of Landing Fees. Expenditure: None. During consideration of Item 9I, numerous comments were made complaining about flying aircraft. One commenter said, "The Walteria neighborhood has been bombarded by south training pattern flights from flight schools…." "Torrance should not allow any private flight school to use a public resource for its own benefit while disrespecting the residents who live near that resource and help pay for it through their taxes. The city should either permanently reduce the number of flight schools that can operate out of Torrance Airport…" Another commentor said, "The city should address this issue by incorporating the following enforcement strategies: [¶]…[¶] Restrict the number of training flights, ensuring that they turn at the ocean when making their loops. Currently there are 7 flight training schools at the Torrance Airport, which is too many for a municipal airport surrounded by so many residential tracts. There are only two flight training schools each at the Hawthorne and Santa Monica Airports." Further, Ms. Ramirez gave a staff presentation on Item 9I, in which she said the number of repetitive flights over

VERIFIED PETITION FOR WRITS OF ADMINISTRATIVE MANDAMUS & TRADITIONAL MANDATE

ORBACH HUFF & HENDERSON LLP

surrounding neighborhoods has increased, commenting: "An additional tool to curb the number of repetitive flights would be the implementation of landing fees." Council member Lewis stated: "So I am in 110 percent in support of trying to figure out a viable solution if that is landing fees or...." Council member Griffiths agreed: "Again, there are fee for landing fees that should be a no-brainer."

19.     Now driven by the resident complaints and City Council's hostility to flying aircraft, City Council embarked on a campaign to severely limit aircraft flying overhead.  This hostility has come to a feverous pitch when City Council decided to take a number of actions to curb flying aircraft under City Council Agenda Item 9A, Transportation Committee - Accept and File April 12, 2023 Meeting Minutes and Provide Direction Regarding Airport Landing Fees, Air Noise Mitigation Efforts, and Phase Out of Leaded Gas.  Expenditure: None on July 25, 2023.  During the course of considering Agenda Item 9A, numerous comments were made about noise from flying aircraft. "It is not uncommon to receive complaints of low-flying noisy aircraft west of Anza Avenue and Pacific Coast Highway." (Meeting time, 2:33:15.)  "You know less people are going to want to fly and quite honestly I think that's really the end goal is to reduce the amount of traffic over our skies." (*Id*. 2:57:50.)  "A lot of the email complaints that we get is are people that are doing those constant circles over people's houses." (*Id*. 3:02:13.)  "The loud noise and frequency of planes is intolerable, I can no longer enjoy my home or yard without constant revving of engines flying low overhead at time them plane going over every minute." (*Id*. 3:44:15.)  "It would eliminate a ton of noise over all of our HOA area when the pilots miss that they kind of cut right over our neighborhood and that's what we're getting this really low you know flying noise." (*Id*. 4:12:41.)  "Nonstop fly [ing] needs to stop." (*Id*. 4:19:37.)  "Hopefully, we will be able to hear a little bit without a whole of airplane noise flying overhead." (*Id*. 8:05:48.)  The reason for the landing fees and the action being considered was to regulate and limit flying aircraft. "The Transportation Committee (Committee) met on December 14, 2022 and April 12, 2023 to receive input and provide direction regarding concerns about the Torrance Municipal Airport - Zamperini Field (Airport). Items discussed were options for reduction of aircraft operations and noise[.]" And, "Discussion from both Torrance residents and the aviation community was heard, each with proposals and feedback as *how to best mitigate the* noise and *frequency of flights in the areas surrounding the Airport*." (Emph. added.)  During public comment on Item 9A, Jim

1   Gates, an officer and member of TAA, Christy Haworth, Michael Calabrese, Lee Unger, Anne Minder,
2   Marilyn McPoland, Richard Smith, Richard Shaw, Marianne Wightman, Eric Hansen, Ronald K.
3   Williams, Oded Yossifor, Lon Sobel, Linda Abrams, Walter Tondu, Venessa Gibson, Emilio H.
4   Morales, Gorge Cohen, Scott Osborn, Betty Taylor, Brandon Mercade, Stephen D. Nordel, Eric Roth,
5   and others objected that landing fees are the answer to reducing flying aircraft.

6          20.    Also, during City Council's consideration of Agenda Item 9A on July 23, 2023,
7   Council member Mattucci stated, "On December 14, 2022, and April 12, 2023, the Transportation
8   Committee met to receive input and provide direction regarding concerns about the Torrance
9   Municipal Airport - Zamperini Field.  Items to discuss were operation for reduction of aircraft
10  operations and noise, including the limitation and revision of runways, enforcement of early left turn
11  violations, and the commissioning of a noise study to potentially expand the existing noise monitoring
12  system.  Additional topics includes the implementation of landing fees and the development of a
13  voluntary letter of agreement between the Torrance based six fixed-wing flight operations and the City
14  of Torrance.  Discussion from both Torrance residents and the aviation community was heard, each
15  with proposals and feedback as to how best mitigate the noise and frequency of flights in the area
16  surrounding the airport."  Council member Sheikh stated, "So even with the landing fee, I mean, that's
17  a deterrent, but there is no promise that it would reduce the noise level."  Council member Sheikh also
18  asked a commenter whether landing fees would reduce noise pollution, to which the commenter
19  replied, "Yes, sir."  Council member Mattucci further stated, "So on Item 209 A [sic], approve
20  implementation of landing fees.  I'm a big supporter of landing fees."  He went on to say, "And quite
21  honestly, I think that's the end goal, to reduce the amount of traffic over our skies."

22         21.    On July 25, 2023, during the proceedings on City Council Agenda Item 9A, a motion
23  was made and carried to impose landing fees.

24         22.    On September 12, 2023, City Council considered Agenda Item 9F, City Manager and
25  City Attorney – Reconsideration of a Council Action Not to Ban Touch and Goes at Torrance
26  Municipal Airport – Zamperini Field. Expenditure: None.  Numerous comments were made
27  complaining about flying aircraft.

28         23.    On October 17, 2023, City Council considered Agenda Item 9G, City Manager and

ORBACH HUFF & HENDERSON LLP

City Attorney – City Council Consideration of a Ban on Touch and Goes at Torrance Municipal Airport – Zamperini Field. Expenditure: None.  Numerous comments were made complaining about flying aircraft.

24.    On November 14, 2023, City Council considered Agenda Item 10B; during public comment, Kety Chu, Cheryl Carter, Aircraft Owners and Pilots Association, Frank Vidjak, Laurice Churchill (also stated that landing fees are not needed to offset City's costs), Christy Carter, Christy Haworth, Taylor Brodsky, Michael Haworth, Amir Fadlallah, Thomas W. LaGrelius, John Renquist, Jeff Wachner, Daniel Catugy, Dyan De Vlede, and others all objected to the landing fees; yet, City Council still decided to approve a contract for the logging and collection of landing fees.

25.    On November 28, 2023, City Council conducted a public hearing and the first reading of the Landing Fees Ordinance under Agenda Item 10B.  Sean Flyn, Grace Flynn, Ken Brummage, Bill Nelsen, Edward Hurst, Linda Howard, Chris Schane, Dyan Van De Velde, Michael Cannata, Jim Gates, Eileen Bardolph, Michael Stauber, Jose Alanjene Stohner, Zoltan Taguibao, Richard McKay, Richard Bohner, Chris Parker, Gregory Robert, AOPA, Laurice Churchill, and others objected to the imposition to landing fees.  City Council nonetheless adopted the Landing Fees Ordinance.

26.    On December 12, 2023, City Council conducted the second reading of the Landing Fees Ordinance and adopted it as Ordinance No. 3927.  This action amended Torrance Municipal Code sections 51.2.30, "Definition of Revenue Operations" and 51.2.31, "Fee for Revenue Operations," and repealed section 51.2.32, "Refusal for Clearance."

27.    On February 1, 2024, the Landing Fee Ordinance went into effect.

**LANDING FEES ORDINANCE IS PREEMPTED BY FEDERAL LAW**

28.    City regulation of flying aircraft is additionally preempted by federal law.  As an overarching matter, the regulation of aircraft flight rests solely with the Federal Aviation Administration ("FAA").  Per Title 49 United States Code section 40103(a)(1), "The US Government has exclusive sovereignty of airspace of the United States."  This means that any attempt by City to regulate the airspace above Torrance Airport has been preempted.  This includes the regulation of flights.

29.    Both in 2020 and 2022, the FAA repeatedly told City it cannot regulate flight; only the

ORBACH HUFF & HENDERSON LLP

FAA can.  In a letter dated February 18, 2020, to the Torrance Airport Association, the FAA stated, "Congress has long vested the FAA with authority to regulate the areas of airspace use, management and efficiency; air traffic control; safety; navigational facilities; and aircraft noise at its source."  In response to a question about Torrance Municipal Code section 5.2.3(e), which prohibits aircraft from turning left until it has reached the ocean or attained an altitude of fifteen hundred (1,500) feet, the FAA readily struck it down explaining:

> "Because the Torrance code provision applies to aircraft in flight, it is not consistent with the Federal statutory and regulatory framework described above. Enforcement of the provision would be at odds with various court opinions.  As noted, state and local governments lack the authority to regulate airspace use, management and efficiency; air traffic control; and aircraft noise at its source. Federal courts have found that a navigable airspace free from inconsistent state and local restrictions is essential to the maintenance of a safe and sound air transportation system."

30.    In response, by letter dated August 16, 2021, and then through its attorneys on September 20, 2022, City asked the FAA if the early left turn prohibition was grandfathered.  The FAA said no.

31.    On April 12, 2023, the City's Transportation Committee was presented with options to provide direction on reducing allowable flights.  One of those options was to impose landing fees.

32.    On information and belief, TAA thereon alleges that Ordinance No. 3927 was adopted for the improper purpose of regulating flying aircraft by reducing the number of flights into the Airport by imposing a discouraging landing fee on aircraft.  Regulating flying aircraft is clearly preempted by federal law.

33.    As of February 1, 2024, City is in the process of invoicing and collecting landing fees.

**ADOPTION OF LANDING FEES ORDINANCE WAS ARBITRARY AND CAPRICIOUS AND NOT SUPPORTED BY SUBSTANTIAL EVIDENCE**

34.    Ordinance No. 3927 is in the nature of a zoning ordinance because it imposes a fee for landing an aircraft on City property (i.e., the Airport), which is a restriction on the use of property.

35.    For the first time, on November 28, 2023, City staff included in City Council Agenda Item 10B an express finding claiming, "The landing fees, as adopted, are necessary to offset the City's costs incurred in maintaining and operating the airport facilities."  However, no evidence was

ORBACH HUFF & HENDERSON LLP

9

1    presented or expressed to support this finding.

2        36.    The City's Charter, Article 15 – Airport Fund section 1500 requires that "all fees, toll,

3 rentals, charges, proceeds from the sale of property, and other revenues received by the City from or

4 in connection with the use or operation of any airport facilities owned, controlled or operated by the

5 City shall be placed in the said Airport Fund."

6        37.    City Charter section 1501 requires, "Moneys in the Airport Fund shall be used only for

7 the following purposes and in the following order of priority, to wit: [¶] 1) For the payment or

8 providing for payment, including payments into any reserve or sinking funds, as the same falls due, of

9 the principal of and interest on any bonds of the City, issued for the acquisition, construction,

10 improvement or financing of airport facilities or for additions, betterments, extensions or capital

11 improvements thereto. [¶] 2) For the current, necessary and reasonable costs and expenses to the City

12 of operating and maintaining airport facilities owned, controlled or operated by the City, but without

13 allowance for depreciation or obsolescence, or for additions, betterments, extensions or capital

14 improvements thereto. [¶] 3) After paying or providing for all payments under subparagraph (1)

15 above which are due or which will become due during the next ensuing twelve (12) months' period,

16 and after paying or providing for all current costs and expenses under subparagraph (2) above, any

17 balance which remains from time to time in the Airport Fund and the several accounts therein may be

18 used for the purpose of acquiring, constructing, or improving airport facilities or for additions,

19 betterments, extensions or capital improvements thereto (including deposits in reserve or depreciation

20 reserves or accounts established for that purpose), and any part of such balance not then needed for

21 such purposes may be used for any lawful purpose."

22        38.    Annually, City diverts millions of dollars from the Airport Fund to the City's General

23 Fund.

24        39.    On information and belief, TAA thereon alleges that the City's annual diversion of

25 moneys from the Airport Fund to the City's General Fund is approximately 10 million dollars per year

26 and constitutes substantial evidence that City does not need landing fees for the operation or

27 maintenance of the Airport, but for the improper purpose of regulating flying aircraft by financially

28 discouraging flights to the Airport.

ORBACH HUFF & HENDERSON LLP

40.     On November 28, 2023, during the first reading of the Landing Fees Ordinance, Jim Gates and others provided testimony and evidence that City diverted $10 million from the Airport Fund to the City's General Fund annually and thus, the landing fees revenue is unnecessary.

41.     Since City does not require revenue of landing fees to maintain or improve the Airport, the adoption of Ordinance No. 3927 is in excess of the City's police power.  City cannot arbitrarily or capriciously enact unneeded landing fees under its police power.

42.     As a result, the City's adoption and imposition of landing fees per Ordinance No. 3927 was, and is, arbitrary and capricious because there is no evidence to support City's express finding of economic need.

**Ordinance No. 3927 Is an Invalid Special Tax that Has Not Been Voter Approved.**

43.     Per Government Code section 50076, landing fees at the Airport is a special tax subject to the two-thirds vote requirement of section 4 article 13A of the California Constitution.

44.     On information and belief, TAA thereon alleges that the landing fees of Ordinance No. 3927 exceeds the reasonable cost of providing the service or the regulatory activity for which it is charged.

45.     City failed to provide substantial evidence that the landing fees of Ordinance No. 3927 is a reasonable cost of providing the service or the regulatory activity for which it is charged.

46.     On information and belief, TAA thereon alleges that Ordinance No. 3927 is also an unreasonable, unconstitutional special tax subject to the two-thirds vote requirement of section 4 article 13A of the California Constitution.

47.     City did not conduct an election to obtain voter approval to impose the landing fees of Ordinance No. 3927.  Thus, Ordinance No. 3927 is invalid.

**FIRST CAUSE OF ACTION**

**(Writ of Administrative Mandamus pursuant to Code of Civil Procedure section 1094.5 to Command City to Vacate Ordinance No. 3927 and Return All Collected Landing Fees.)**

**[As Against City and ROES 1 through 100]**

48.     TAA realleges and incorporates by reference each paragraph above and below, as though fully set forth herein.

ORBACH HUFF & HENDERSON LLP

11

49.     TAA has a beneficial interest in the outcome of the proceedings because its members are subject to the imposition of landing fees.

50.     TAA's members, as represented by TAA, has a clear, present, and legal right to not pay landing fees for the improper purpose of regulating and limiting flying aircraft and paying fees that are not necessary for the operation of the Airport.

51.     TAA has exhausted all available administrative remedies required to be pursued by it.

52.     TAA lacks any plain, speedy, and adequate legal remedy to challenge City's decision to adopt and impose landing fees at the Airport because no provision of Torrance Municipal Code, statute or common law provides a legal cause of action to challenge Ordinance No. 3927.

53.     Without substantial evidence of economic need, City's adoption of Ordinance No. 3927 was arbitrary and capricious.

54.     City violated section 4 article 13A of the California Constitution by failing to submit Ordinance No. 3927 to the voters as a special tax.

55.     TAA seeks this Court's Judgment and issuance of a peremptory writ ordering City to vacate and repeal Ordinance No. 3927 and refund all collected landing fees.

**SECOND CAUSE OF ACTION**

**(Writ of Traditional Mandate pursuant to Code of Civil Procedure section 1085 to Compel City to Vacate Ordinance No. 3927.)**

**[As Against City and ROES 1 through 100]**

56.     TAA realleges and incorporates by reference each paragraph above and below, as though fully set forth herein.

57.     TAA has a beneficial interest in the outcome of the proceedings because its members are subject to the imposition of landings fees.

58.     City arbitrarily and capriciously adopted Ordinance No. 3927, and thus, the Landing Fees Ordinance is invalid.

59.     TAA has exhausted all available administrative remedies required to be pursued by it.

60.     TAA lacks any plain, speedy, and adequate legal remedy to challenge City and ROES 1 through 100's decisions to impose landing fees.

ORBACH HUFF & HENDERSON LLP

ORBACH HUFF & HENDERSON LLP

1        61.    Without substantial evidence of economic need, City's adoption of Ordinance No. 3927

2  was arbitrary and capricious.

3        62.    City violated section 4 article 13A of the California Constitution by failing to submit

4  Ordinance No. 3927 to the voters as a special tax.

5        63.    TAA seeks this Court's Judgment and issuance of a peremptory writ ordering City to

6  vacate and repeal Ordinance No. 3927 and refund all collected landing fees.

### PRAYER FOR RELIEF

WHEREFORE, TAA respectfully prays for judgment against Respondents, and each of them, as follows:

1.    For a writ of administrative mandamus pursuant to Code of Civil Procedure section 1094.5 commanding City and ROES 1 through 100 to vacate and repeal Ordinance No. 3927 and refund all collected landing fees.

2.    For a writ of traditional mandate pursuant to Code of Civil Procedure section 1085 commanding City and ROES 1 through 100 to vacate and repeal Ordinance No. 3927 and refund all collected landing fees.

3.    For Petitioner's costs of suit.

4.    For attorneys' fees pursuant to Code of Civil Procedure sections 1021.5 and 1032 and/or other applicable law.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

13

VERIFIED PETITION FOR WRITS OF ADMINISTRATIVE MANDAMUS & TRADITIONAL MANDATE

5.     For such other and future relief as the Court deems just and proper.

DATED:  March 8, 2024                    DAVID M. SHABY II & ASSOCIATES, APC

By: _____
        David M. Shaby II, Esq.
        R. Christopher Harshman, Esq.
        Attorneys for Petitioner
        TORRANCE AIRPORT ASSOCIATION,
        CHAPTER OF CALIFORNIA PILOTS
        ASSOCIATION


                                        ORBACH HUFF & HENDERSON LLP

By: _____
        Stan M. Barankiewicz II, Esq.
        Attorneys for Petitioner
        TORRANCE AIRPORT ASSOCIATION,
        CHAPTER OF CALIFORNIA PILOTS
        ASSOCIATION

VERIFIED PETITION FOR WRITS OF ADMINISTRATIVE MANDAMUS & TRADITIONAL MANDATE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<div style="writing-mode: vertical-rl">ORBACH HUFF & HENDERSON LLP</div>

**<u>VERIFICATION</u>**

I, the undersigned, declare:

I am the petitioner in this action.  All facts alleged in the above document are true of my own personal knowledge.  I have read the above Petition for Writ of Administrative Mandate and Traditional Mandate and know its contents. All facts alleged in the Petition are true of my own personal knowledge.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on <u>March 8, 2024</u> at <u>Torrance</u>, California.

_____

Peter Broen, President

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

Stanley Mosk Courthouse

111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF(S):

TORRANCE AIRPORT ASSOCIATION, CHAPTER OF CALIFORNIA

DEFENDANT(S):

CITY OF TORRANCE

**NOTICE OF TRIAL SETTING CONFERENCE AND ATTACHED ORDERS THEREON**

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

03/11/2024

David W. Slayton, Executive Officer / Clerk of Court

By: _____ C. Del Rio _____ Deputy

CASE NUMBER:

24STCP00729

You are hereby notified that the above matter has been set for trial setting conference on 06/13/2024 at 9:30 AM in Department 85 of the above-entitled court.

You are ordered to give notice of this hearing and serve a copy of this notice to all parties to the action within 10 days of service of this notice.

David W. Slayton, Executive Officer / Clerk of Court

Date: 03/11/2024

By, C. Del Rio _____

Deputy Clerk

**NOTICE OF TRIAL SETTING CONFERENCE AND ATTACHED ORDERS THEREON**

LACIV XXX
LASC Approved 00/00

| | Reserved for Clerk's File Stamp |
|---|---|
| # SUPERIOR COURT OF CALIFORNIA<br># COUNTY OF LOS ANGELES | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>03/11/2024<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ C. Del Rio _____ Deputy |

| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 |
|---|

| PLAINTIFF/PETITIONER:<br>TORRANCE AIRPORT ASSOCIATION, CHAPTER OF CALIFORNIA<br>PILOTS ASSOCIATION |
|---|

| DEFENDANT/RESPONDENT:<br>CITY OF TORRANCE |
|---|

| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>24STCP00729 |
|---|---|

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Trial Setting Conference and Attached Orders Thereon upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Stan M. Barankiewicz
ORBACH HUFF & HENDERSON LLP
1901 Avenue of the Stars, Suite 575
Los Angeles, CA 90067

David W. Slayton, Executive Officer / Clerk of Court

Dated: 03/11/2024

By: __C. Del Rio_____
            Deputy Clerk

**CERTIFICATE OF MAILING**

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

**MAY 03 2019**

Sherri R. Carter, Executive Officer/Clerk

By _____, Deputy
Rizalinda Mina

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )    FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING )
FOR CIVIL )
)
)
)
_____ )

       On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

    a) **"Bookmark"** A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

    b) **"Efiling Portal"** The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

    c) **"Electronic Envelope"** A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

    d) **"Electronic Filing"** Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

e) **"Electronic Filing Service Provider"**   An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**   For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**   An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**   A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2019-GEN-014-00

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

ii) Bonds/Undertaking documents;

iii) Trial and Evidentiary Hearing Exhibits

iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image**.**

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

    i)    Depositions;

    ii)   Declarations;

    iii)  Exhibits (including exhibits to declarations);

    iv)   Transcripts (including excerpts within transcripts);

    v)    Points and Authorities;

    vi)   Citations; and

    vii)  Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

4

2019-GEN-014-00

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

   i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing.  Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.    (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

   ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

    b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

    a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

    b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

        i) Any printed document required pursuant to a Standing or General Order;

        ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

        iii) Pleadings and motions that include points and authorities;

        iv) Demurrers;

        v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

        vi) Motions for Summary Judgment/Adjudication; and

        vii) Motions to Compel Further Discovery.

    c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

    a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

    b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

2019-GEN-014-00

1    11) SIGNATURES ON ELECTRONIC FILING

2        For purposes of this General Order, all electronic filings must be in compliance with California

3        Rules of Court, rule 2.257.  This General Order applies to documents filed within the Civil

4        Division of the Los Angeles County Superior Court.

5

6            This First Amended General Order supersedes any previous order related to electronic filing,

7        and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8        Supervising Judge and/or Presiding Judge.

9

10       DATED:  May 3, 2019                          KEVIN C. BRAZILE

11                                                                       Presiding Judge

---

7

 **Superior Court of California, County of Los Angeles**

---

# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

## What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

## Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

## Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or decision by a judge or jury.

## Main Types of ADR
1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

---

LASC CIV 271 Rev. 03/23
For Mandatory Use

**How to Arrange Mediation in Los Angeles County**

Mediation for **civil cases** is voluntary and parties may select any mediator they wish.  Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Assistant Case Manager Janet Solis, janet@adrservices.com
     (213) 683-1600
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org
     (833) 476-9145

   **These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept.  Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

   **NOTE:  The Civil Mediation Vendor Resource List program does not accept family law, probate, or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs.**  Los Angeles County-funded agencies provide mediation services on the day of hearings in small claims, unlawful detainer (eviction), civil harassment, and limited civil (collections and non-collection) cases.
   https://dcba.lacounty.gov/countywidedrp/

   **Online Dispute Resolution (ODR).**  Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.  https://my.lacourt.org/odr/

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:**  Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome.  In "binding" arbitration, the arbitrator's decision is final; there is no right to trial.  In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.  For more information about arbitration, visit
   https://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):**  MSCs are ordered by the Court and are often held close to the trial date or on the day of trial.  The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.  For information about the Court's MSC programs for civil cases, visit https://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website:  https://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

DATE DUE TO CITY CLERK _____

# CITY OF TORRANCE
# LEGAL SERVICE ROUTING FORM

[✔] **SUMMONS** [ ] **SUBPOENA** [ ] **AUTHORIZATION**   **Case Number:** 24STCP00729

**Service by** [✔] **Attorney** [ ] **Copy Service** [ ] **Other:** _____

_____ **Work Order #** _____

**Plaintiff/Petitioner:** Torrance Airport Association, Chapter of California Pilots Association

**Defendant/Respondent:** City of Torrance, A California municipal corporation and ROES 1 through 100

**Check Amount:** $ No Check _____   **Clerk Control # S2024 - 51**

**SENT TO:**

| | |
|---|---|
| ☐ **Community Development** | ☐ **Fire (Fire Prevention)** |
| ☐ Building and Safety | ☐ **Admin** |
| ☐ Environmental | ☐ **General Services** |
| ☐ Engineering Permits | |
| ☐ Planning | ☐ **Community Services** |
| ☐ Housing | ☐ **Library** |
| | ☐ **Cultural Arts** |
| ■ **City Attorney** | ☐ **Park Services** |
| ☐ Prosecutor | |
| | ☐ **Police** |
| ☐ **City Manager** | |
| ☐ Cable TV | ☐ **Public Works** |
| ☐ **Human Resources** | ☐ **Water** |
| ☐ Civil Service | |
| | ☐ **Transit Department** |
| ☐ **Finance** | ☐ **City Treasurer** |
| ☐ Business License | ☐ **Comm. & Info. Technology** |
| ☐ Payroll | |
| ☐ Purchasing | ☐ **Other**_____ |
| ☐ Risk Management | |
| ☐ Worker's Comp. | ☐ **If checked, provide two (2) sets of documents (one for Outside Counsel)** |

**NOTE**: Per **Torrance Charter Section 621e**, the City Clerk is the agent for service of legal process on the City of Torrance.
**Return requested records to CITY CLERK'S OFFICE for City Attorney's review and Custodian of Records Cover Letter (declaration).**
**Care should be taken to provide material in a timely manner.**

**Questions, please call x2870 or query CityClerk@TorranceCA.gov .**

- **Large subpoenas demanding additional attention will automatically be coordinated with City Attorney. If department discusses with City Attorney advise City Clerk of City Attorney Work Order # ASAP.**
- **Charges for time to compile large requests must accompany documents to allow for invoicing of requestor.**
- **If 'no records' or partial records are provided a response must contain memo from responding department.**

Revised 1/7/2020