**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

| | |
|---|---|
| Case No.   **CV 24-2692-JFW(MRWx)** | Date:  April 30, 2024 |

Title:     Torrance Airport Association -v- City of Torrance

---

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**     **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED TO LOS ANGELES COUNTY SUPERIOR COURT FOR LACK OF SUBJECT MATTER JURISDICTION**

On March 8, 2024, Plaintiff/Petitioner Torrance Airport Association, Chapter of California Pilots Association ("Petitioner") filed a Verified Petition in Los Angeles County Superior Court alleging the following causes of action: (1) Writ of Administrative Mandamus pursuant to California Code of Civil Procedure § 1094.5; (2) Writ of Traditional Mandate pursuant to California Code of Civil Procedure § 1085.  On April 3, 2024, Defendant/Respondent City of Torrance ("Respondent") filed a Notice of Removal of Case to Federal Court Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446 ("Notice of Removal"), alleging that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986).  Pursuant to 28 U.S.C. Section 1441, a defendant may remove an action originally filed in state court if the case presents "a federal question" or is between citizens of different states.  *See* 28 U.S.C. § 1441(a), (b).  Thus, only actions that could have been filed in federal court may be removed.  28 U.S.C. § 1441(a); *see Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Snow v. Ford Motor Co.*, 651 F.2d 787, 789 (9th Cir. 1977).

The Ninth Circuit "strictly construe[s] the removal statute . . . ."  *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)).  There is a strong presumption against removal jurisdiction and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus*, 980 F.2d at 566 (internal citation and quotation

marks omitted).  As the party invoking federal jurisdiction, Respondent bears the burden of demonstrating that removal is proper.  *See, e.g., Gaus,* 980 F.2d at 566; *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

Under 28 U.S.C. Section 1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Federal question jurisdiction is presumed absent unless the defendant, as the party seeking to invoke removal jurisdiction, shows that the plaintiff has alleged: (a) a federal cause of action, *Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916); (b) a state cause of action that requires resolution of a substantial issue of federal law, *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9 (1983); or (c) a state cause of action that Congress has transformed into an inherently federal cause of action by completely preempting the field, *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987).

Because a defendant may remove a case under Section 1331 only if the claim could originally have been filed in federal court, whether removal jurisdiction exists must be determined by reference to the "well-pleaded complaint" rule.  *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986).  Under this rule, "federal jurisdiction exists only when a federal question is presented on the face of [a] plaintiff's properly pleaded complaint." *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1089 (9th Cir. 2002); *see also Constr. Laborers Vacation Trust*, 463 U.S. at 27–28 ("Congress has given the lower federal courts jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.").  The rule also "severely limits the number of cases in which state law 'creates the cause of action' that may be initiated in or removed to federal district court."  *Constr. Laborers Vacation Trust*, 463 U.S. at 9–10.

For federal jurisdiction to attach, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action."  *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936).  Only where the "right to relief under state law requires the resolution of a substantial question of federal law in dispute between the parties" does a state law cause of action "arise under" the law of the United States.  *Constr. Laborers Vacation Trust*, 463 U.S. at 13.  A claim does not present a "substantial question" of federal law merely because a federal question is an "ingredient" of a cause of action.  Indeed, "the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction."  *Merrell Dow*, 478 U.S. at 813.

The absence of a federal cause of action is a relevant factor to be considered in assessing whether a federal issue is substantial.  *Merrell Dow*, 478 U.S. at 811–12.  Merely using the potential violation of a federal statute to form part of the basis for a state law cause of action does not transform the cause of action into a federal claim.  *Id.*  Likewise, it is not enough for removal purposes that a federal question may arise during the litigation in connection with a defense or counterclaim.  *See Constr. Laborers Vacation Trust*, 463 U.S. at 14.

In this case, although the Verified Petition alleges only state law causes of action, Respondent alleges that federal question jurisdiction exists because Plaintiff alleges that the City of Torrance's Ordinance 3927, imposing landing fees on aircraft, is preempted by federal law.  Notice

of Removal at 2; Complaint ¶¶ 28-33 (alleging that Ordinance 3927 is preempted by federal law and citing 49 U.S.C. § 40103(a)(1), which provides that the U.S. Government has exclusive sovereignty over the airspace of the United States). However, Plaintiff also alleges, for example, that Ordinance 3927 is an invalid special tax that has not been voter-approved as required by the California Constitution.  Complaint ¶¶ 43-47.

      The Court cannot conclude from Respondent's Notice of Removal that is has jurisdiction over this action.  Accordingly, Respondent is hereby ordered to show cause, in writing, on or before **May 6, 2024**, why this action should not be remanded to Los Angeles County Superior Court for lack of subject matter jurisdiction.  In addition, Petitioner is hereby ordered to respond, in writing, to the order to show cause on or before **May 6, 2024.**  No oral argument on this matter will be heard unless otherwise ordered by the Court.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  The Order will stand submitted upon the filing of the response to the Order to Show Cause. If the parties file a stipulation agreeing to the remand of this action, the Court will consider that a satisfactory response to the Order to Show Cause.  Failure to respond to the Order to Show Cause will result in the remand of this action.

      IT IS SO ORDERED.