1  Mark J. Dillon (State Bar No. 108329)
   mdillon@gdandb.com
2  Lori D. Ballance (State Bar No. 133469)
   lballance@gdandb.com
3  Yana L. Ridge (State Bar No. 306532)
4  yridge@gdandb.com
   Gatzke Dillon & Ballance LLP
5  2762 Gateway Road
6  Carlsbad, California 92009
   Telephone: (760) 431-9501
7  Facsimile:  (760) 431-9512
8

9  Attorneys for Respondent City of Torrance
10 **[See Next Page for Additional Counsel]**

11              **UNITED STATES DISTRICT COURT**

12              **CENTRAL DISTRICT OF CALIFORNIA**

13

14 TORRANCE AIRPORT                    ) Case No. 2:24-cv-02692-JFW
15 ASSOCIATION, CHAPTER OF             ) (MRWx)
   CALIFORNIA PILOTS                   )
16 ASSOCIATION, a California Nonprofit )
17 Public Benefit Corporation,         ) **CITY OF TORRANCE'S**
                                       ) **ANSWER TO VERIFIED**
18        Petitioner,                  ) **AMENDED PETITION FOR**
                                       ) **WRITS OF ADMINISTRATIVE**
19                                     ) **MANDAMUS (CCP § 1094.5),**
   v.                                  ) **TRADITIONAL MANDATE**
20                                     ) **(CCP § 1085), OTHER**
21 CITY OF TORRANCE,                   ) **EXTRAORDINARY RELIEF,**
                                       ) **DECLARATORY RELIEF, AND**
22        Respondent.                  ) **INJUNCTIVE RELIEF**
23                                     )
                                       )
24                                     )
                                       ) Petition Filed:  March 8, 2024
25                                     )
26                                     )
                                       )
27 _____)
28

*Respondent's Answer to Amended Petition for Writs of Mandate*

1  Patrick Q. Sullivan (State Bar No. 179922)
   psullivan@torranceca.gov
2  Tatia Y. Strader (State Bar No. 198735)
3  tstrader@torranceca.gov
   Office of the City Attorney
4  3031 Torrance Blvd.
5  Torrance, California 90503
   Telephone: (310) 618-5810
6  Facsimile:  (310) 618-5813
7
8  Attorneys for Respondent City of Torrance

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Respondent City of Torrance (City) hereby responds to the verified amended petition for writs of administrative mandamus, traditional mandate, other extraordinary relief, declaratory relief, and injunctive relief (FAP) filed by Petitioner Torrance Airport Association, Chapter of California Pilots Association (Petitioner), as follows:

1. The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the FAP and on that ground denies all allegations therein.

2. The City admits the allegations in paragraph 2 of the FAP.

3. The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the FAP and on that ground denies all allegations therein.

4. The City admits the allegations in paragraph 4 of the FAP.

5. The City admits the allegations in paragraph 5 of the FAP.

6. The City denies the allegations in the first and second sentences of paragraph 6 of the FAP. The City admits the remaining allegations in paragraph 6 of the FAP but has no legal obligation to do so because the allegations comprise legal conclusions.

7. The City denies the allegations in paragraph 7 of the FAP.

8. The City admits the allegations in paragraph 8 of the FAP.

9. The City admits the allegations in paragraph 9 of the FAP.

10. The City denies the allegations in paragraph 10 of the FAP.

11. The City admits the allegations in paragraph 11 of the FAP.

12. The City admits the allegations in paragraph 12 of the FAP.

13. The City admits the allegations in paragraph 13 of the FAP.

14. The City admits that the airport was formerly known as Lomita Flight Strip and denies, on lack of information and belief, the remaining allegations of paragraph 14 of the FAP.

15. The City admits that in March 1948, the United States executed a deed to the City for the airport, and further alleges that the deed speaks for itself, so that no further response is required. Except as alleged or admitted, the City denies all other and remaining allegations in paragraph 15 of the FAP.

16. The City admits that in March 1956, the United States executed a deed to the City for the airport, and further alleges that the deed speaks for itself, so that no further response is required. Except as alleged or admitted, the City denies all other and remaining allegations in paragraph 16 of the FAP.

17. The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the FAP and on that ground denies all allegations therein.

18. The City admits the allegations in the first sentence of paragraph 18 of the FAP. In response to the remaining allegations in paragraph 18 of the FAP, the City alleges that the Resolution speaks for itself, so that no further response is required. Except as alleged or admitted, the City denies all other and remaining allegations in paragraph 18 of the FAP.

19. In response to the allegations in paragraph 19 of the FAP, the City alleges that the ANCLUC Report speaks for itself, so that no further response is required. Except as alleged or admitted, the City denies all other and remaining allegations in paragraph 19 of the FAP.

20. The City admits the allegations in the first sentence of paragraph 20 of the FAP. Except as alleged or admitted, the City denies all other and remaining allegations in paragraph 20 of the FAP.

21. The City admits the allegations in the first and second sentences of paragraph 21 of the FAP. Except as alleged or admitted, the City denies all other and remaining allegations in paragraph 21 of the FAP.

22. The City admits the allegations in the first sentence of paragraph 22 of the FAP and further alleges that the transcript for the referenced public hearing

speaks for itself, so that no further response is required. Except as alleged or admitted, the City denies all other and remaining allegations in paragraph 22 of the FAP.

23. The City denies the first and second sentences of paragraph 23 of the FAP. The City admits the allegations in the third sentence of paragraph 23 of the FAP. The City further alleges that the City's staff report, transcript for the referenced public hearing, and all public comments and statements made before and during the hearing speak for themselves, so that no further response is required. Except as alleged or admitted, the City denies all other and remaining allegations in paragraph 23 of the FAP.

24. In response to the allegations in paragraph 24 of the FAP, the City alleges that the transcript for the referenced public hearing speaks for itself, so that no further response is required. Except as alleged or admitted, the City denies all other and remaining allegations in paragraph 24 of the FAP.

25. In response to the allegations in paragraph 25 of the FAP, the City alleges that the transcript, minutes, and agenda for the referenced public hearing speak for themselves, so that no further response is required. Except as alleged or admitted, the City denies all other and remaining allegations in paragraph 25 of the FAP.

26. The City admits the allegations in the first sentence of paragraph 26 of the FAP and further alleges that the transcript for the referenced public hearing and all public comments submitted before and during that hearing speak for themselves, so that no further response is required. Except as alleged or admitted, the City denies all other and remaining allegations in paragraph 26 of the FAP.

27. The City admits the allegations in the first sentence of paragraph 27 of the FAP and further alleges that the City's staff report, transcript for the referenced public hearing, and all public comments and statements made before and during the hearing speak for themselves, so that no further response is required. Except as

alleged or admitted, the City denies all other and remaining allegations in paragraph 27 of the FAP.

28. In response to the allegations in paragraph 28 of the FAP, the City alleges that the transcript for the referenced public hearing and all public comments and statements made before and during the hearing speak for themselves, so that no further response is required. Except as alleged or admitted, the City denies all other and remaining allegations in paragraph 28 of the FAP.

29. The City admits the allegations in the first sentence of paragraph 29 of the FAP and further alleges that the transcript for the referenced public hearing and all public comments and statements made before and during the hearing speak for themselves, so that no further response is required. Except as alleged or admitted, the City denies all other and remaining allegations in paragraph 29 of the FAP.

30. The City admits the allegations in paragraph 30 of the FAP.

31. The City admits the allegations in paragraph 31 of the FAP.

32. The City denies the allegations in paragraph 32 of the FAP.

33. The allegations in paragraph 33 of the FAP are legal argument and conclusions, and no further response is required. Except as alleged or admitted, the City denies all other and remaining allegations in paragraph 33 of the FAP.

34. In response to the allegations in paragraph 34 of the FAP, the City alleges that the February 18, 2020 letter speaks for itself, so that no further response is required. Except as alleged or admitted, the City denies all other and remaining allegations in paragraph 34 of the FAP.

35. In response to the allegations in paragraph 35 of the FAP, the City alleges that the referenced letters speak for themselves, so that no further response is required. Except as alleged or admitted, the City denies all other and remaining allegations in paragraph 35 of the FAP.

36. In response to the allegations in paragraph 36 of the FAP, the City alleges that the staff report for and minutes from the Transportation Committee's

April 12, 2023, meeting speak for themselves, so that no further response is required. Except as alleged or admitted, the City denies all other and remaining allegations in paragraph 36 of the FAP.

37. The City denies the allegations in paragraph 37 of the FAP.

38. The City admits the allegations in paragraph 38 of the FAP.

39. In response to the allegations in paragraph 39 of the FAP, the City alleges that the City's records speak for themselves, so that no further response is required. Except as alleged or admitted, the City denies all other and remaining allegations in paragraph 39 of the FAP.

40. The City denies the allegations in paragraph 40 of the FAP.

41. In response to the allegations in paragraph 40 of the FAP, the City alleges that the City's Municipal Code speaks for itself, so that no further response is required. Except as alleged or admitted, the City denies all other and remaining allegations in paragraph 41 of the FAP.

42. The City denies the allegations in paragraph 42 of the FAP.

43. The City admits the allegations in paragraph 43 of the FAP.

44. In response to the allegations in paragraph 44 of the FAP, the City alleges that the FAA orders and forms speak for themselves, so that no further response is required. Except as alleged or admitted, the City denies all other and remaining allegations in paragraph 44 of the FAP.

45. In response to the allegations in paragraph 45 of the FAP, the City alleges that the FAA Order 5190.6B speaks for itself, so that no further response is required. Except as alleged or admitted, the City denies all other and remaining allegations in paragraph 45 of the FAP.

46. In response to the allegations in paragraph 46 of the FAP, the City alleges that the City's Municipal Code speaks for itself, so that no further response is required. Except as alleged or admitted, the City denies all other and remaining allegations in paragraph 46 of the FAP.

47. The City denies the allegations in paragraph 47 of the FAP.

48. In response to the allegations in paragraph 48 of the FAP, the City alleges that the referenced staff report speaks for itself, so that no further response is required. Except as alleged or admitted, the City denies all other and remaining allegations in paragraph 48 of the FAP.

49. In response to the allegations in paragraph 49 of the FAP, the City alleges that the referenced staff report speaks for itself, so that no further response is required. Except as alleged or admitted, the City denies all other and remaining allegations in paragraph 49 of the FAP.

50. The City denies the allegations in paragraph 50 of the FAP.

51. The allegations in paragraph 51 of the FAP are legal argument and conclusions, and no further response is required. Except as alleged or admitted, the City denies all other and remaining allegations in paragraph 51 of the FAP.

52. In response to the allegations in the first sentence of paragraph 52 of the FAP, the City alleges that the City Council Agenda for the November 28, 2023 meeting speaks for itself, so that no further response is required. Except as alleged or admitted, the City denies all other and remaining allegations in paragraph 52 of the FAP.

53. In response to the allegations in paragraph 53 of the FAP, the City alleges that the City Charter speaks for itself, so that no further response is required. Except as alleged or admitted, the City denies all other and remaining allegations in paragraph 53 of the FAP.

54. In response to the allegations in paragraph 54 of the FAP, the City alleges that the City Charter speaks for itself, so that no further response is required. Except as alleged or admitted, the City denies all other and remaining allegations in paragraph 54 of the FAP.

55. The City denies the allegations in paragraph 55 of the FAP.

56. The City denies the allegations in paragraph 56 of the FAP.

57. In response to the allegations in paragraph 57 of the FAP, the City alleges that the transcript for the referenced public meeting speaks for itself, so that no further response is required. Except as alleged or admitted, the City denies all other and remaining allegations in paragraph 57 of the FAP.

58. The City denies the allegations in paragraph 58 of the FAP.

59. The City denies the allegations in paragraph 59 of the FAP.

60. The City denies the allegations in paragraph 60 of the FAP.

61. The allegations in paragraph 61 of the FAP are legal argument and conclusions, and no further response is required. Except as alleged or admitted, the City denies all other and remaining allegations in paragraph 61 of the FAP.

62. The City denies the allegations in paragraph 62 of the FAP.

63. The City denies the allegations in paragraph 63 of the FAP.

64. The City denies the allegations in paragraph 64 of the FAP.

65. The City denies the allegations in paragraph 65 of the FAP.

66. In response to the allegations in paragraph 66 of the FAP, the City re-alleges and incorporates by reference paragraphs 1 through 65 of this Answer.

67. The City denies the allegations in paragraph 67 of the FAP.

68. The City denies the allegations in paragraph 68 of the FAP.

69. The City denies the allegations in paragraph 69 of the FAP.

70. The City denies the allegations in paragraph 70 of the FAP.

71. The City denies the allegations in paragraph 71 of the FAP.

72. The City denies the allegations in paragraph 72 of the FAP.

73. The City denies the allegations in paragraph 73 of the FAP.

74. In response to the allegations in paragraph 74 of the FAP, the City re-alleges and incorporates by reference paragraphs 1 through 73 of this Answer.

75. The City denies the allegations in paragraph 75 of the FAP.

76. The City denies the allegations in paragraph 76 of the FAP.

77. The City denies the allegations in paragraph 77 of the FAP.

78. The City denies the allegations in paragraph 78 of the FAP.
79. The City denies the allegations in paragraph 79 of the FAP.
80. The City denies the allegations in paragraph 80 of the FAP.
81. The City denies the allegations in paragraph 81 of the FAP.

## ANSWERING PRAYER FOR RELIEF

1. Answering paragraph 1 of Prayer for Relief, the City requests that this Court deny the relief requested therein.

2. Answering paragraph 2 of Prayer for Relief, the City requests that this Court deny the relief requested therein.

3. Answering paragraph 3 of Prayer for Relief, the City requests that this Court deny the relief requested therein.

4. Answering paragraph 4 of Prayer for Relief, the City requests that this Court deny the relief requested therein.

5. Answering paragraph 5 of Prayer for Relief, the City requests that this Court deny the relief requested therein.

6. Answering paragraph 6 of Prayer for Relief, the City requests that this Court deny the relief requested therein.

7. Answering paragraph 7 of Prayer for Relief, the City requests that this Court deny the relief requested therein.

8. Answering paragraph 8 of Prayer for Relief, the City requests that this Court deny the relief requested therein.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. The FAP, and each purported cause of action alleged therein, fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Failure to Exhaust Administrative Remedies)

2. Without admitting any allegation in the FAP, the City alleges that Petitioner failed to exhaust existing and available administrative remedies prior to commencement of this action.

## THIRD AFFIRMATIVE DEFENSE
### (Failure to Exhaust Issues)

3. Without admitting any allegation in the FAP, the City alleges that the claims alleged in the FAP are barred, in whole or in part, because they were not raised at the hearing at which the City Council approved the Ordinance at issue.

## FOURTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

4. Without admitting any allegation in the FAP, the City alleges that Petitioner failed to file this action, and the various claims and issues alleged therein (in whole or in part), within the time permitted by law.

## FIFTH AFFIRMATIVE DEFENSE
### (Standing)

5. Without admitting any allegation in the FAP, the City alleges that Petitioner lacks standing in that it cannot show for itself or the public a clear, present, and beneficial right to performance of the duty or duties that the City allegedly did not perform.

## SIXTH AFFIRMATIVE DEFENSE
### (Waiver/Forfeiture)

6. Without admitting any allegation in the FAP, the City alleges that Petitioner's action, and the claims and issues alleged therein (in whole or in part), are barred by the waiver/forfeiture doctrine. The City further alleges that should Petitioner's opening brief fail to raise any claim or issue alleged in the FAP, the omitted claim or issue is barred by the waiver/forfeiture doctrine and that such issues are deemed forfeited/abandoned.

## SEVENTH AFFIRMATIVE DEFENSE
### (Laches)

7. Without admitting any allegation in the FAP, the City alleges that Petitioner unreasonably delayed the commencement and prosecution of this action to the prejudice of the City, whereby the FAP, and each cause of action presented therein, is barred by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE
### (Lawful Exercise of Discretion and Compliance with Law)

8. Without admitting any allegation in the FAP, the City alleges that the FAP, and the claims and issues alleged therein (in whole or in part), are barred because the City lawfully exercised its discretion and complied with all applicable laws.

## NINTH AFFIRMATIVE DEFENSE
### (Collateral Estoppel)

9. Without admitting any allegation in the FAP, the City alleges that the FAP, and the claims and issues alleged therein (in whole or in part), are barred by the collateral estoppel doctrine.

## TENTH AFFIRMATIVE DEFENSE
### (Res Judicata)

10. Without admitting any allegation in the FAP, the City alleges that the FAP, and the claims and issues alleged therein (in whole or in part), are barred by the res judicata doctrine.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

11. Without admitting any allegation in the FAP, the City alleges that Petitioner's claims are barred, in whole or in part, by the doctrine of unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE
### (Estoppel)

12. Without admitting any allegation in the FAP, the City alleges that Petitioner by its conduct and/or that of its agents, are estopped to assert or enforce all or any part of the claims alleged in the FAP.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Notice)

13. The causes of action in the FAP are barred by Petitioner's failure to give timely notice to the California Attorney General.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Attorney's Fees)

14. Petitioner does not qualify for an award of attorneys' fees because they, and each of them, are suing for their personal benefit.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Separation of Powers)

15. The City alleges that the relief requested by Petitioner is barred because it would require the Court to substitute its judgment for that of the City to engage in land use planning in violation of the principles of separation of powers and/or engage in continuous judicial supervision over governmental affairs.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Mootness)

16. Without admitting any allegation in the FAP, the City alleges that the FAP, and each of its causes of actions and claims alleged therein, are barred because the FAP, and each of its causes of actions and claims alleged therein, are moot.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Other Defenses)

17. Without admitting any allegation in the FAP, the City alleges that the City may have other separate and additional defenses of which it is not presently aware and hereby reserve the right to raise such defenses by amendment of this Answer, or by their opposition briefs in this action.

**PRAYER FOR RELIEF**

WHEREFORE, the City prays that:

1. Petitioner's request for relief, in all respects, be denied and Petitioner take nothing by this action;

2. Judgment be entered denying the FAP and each cause of action therein;

3. Reasonable attorney's fees incurred by the City be awarded, if authorized;

4. Costs of suit incurred by the City be awarded; and

5. The Court grant such other relief as may be just and proper.

January 2, 2025                     GATZKE DILLON & BALLANCE LLP

                                    By:  /s/ Mark J. Dillon
                                        Mark J. Dillon
                                        Attorneys for City of Torrance


January 2, 2025                     OFFICE OF CITY ATTORNEY

                                    By:  /s/ Patrick Q. Sullivan
                                        Patrick Q. Sullivan
                                        Attorney for City of Torrance

**VERIFICATION**

I, Mark Dillon, am the attorney for Respondent City of Torrance (City) in the above-captioned action. The City is not located in San Diego County, California, where I have my office, and I make this verification for and on behalf of the City for that reason. I am informed and believe and, on that ground, allege that the matters stated in the foregoing document are true.

I declare under penalty of perjury under the laws of the United States that the above is true and correct and that I executed this verification on January 2, 2025, in Carlsbad, California.

                                         */s/ Mark J. Dillon*
                                         Mark J. Dillon

**CERTIFICATE OF SERVICE**

    I certify that counsel of record who are deemed to have consented to electronic service are being served on January 2, 2025 with a copy of this document via the Court's CM/ECF system pursuant to Local Rule 5-3.2.

                                            */s/ Mark J. Dillon*