1  Mark J. Dillon (State Bar No. 108329)
2  mdillon@gdandb.com
   Lori D. Ballance (State Bar No. 133469)
3  lballance@gdandb.com
4  Yana L. Ridge (State Bar No. 306532)
   yridge@gdandb.com
5  Gatzke Dillon & Ballance LLP
6  2762 Gateway Road
   Carlsbad, California 92009
7  Telephone: (760) 431-9501
   Facsimile:  (760) 431-9512
8

9  Attorneys for Defendant/Respondent,
10 City of Torrance

11 **[See Next Page for Additional Counsel]**

12

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

15

| | |
|---|---|
| TORRANCE AIRPORT ASSOCIATION, CHAPTER OF CALIFORNIA PILOTS ASSOCIATION, a California Nonprofit Public Benefit Corporation, | Case No. 2:24-cv-02692-JFW (MBKx) |
| | **RESPONDENT'S RESPONSE TO ORDER TO SHOW CAUSE RE DISMISSAL OR SANCTIONS** |
| Plaintiff/Petitioner, | |
| | Case Assigned to: |
| v. | District Court Judge: John F. Walter |
| | Magistrate Judge: Michael b. Kaufman |
| CITY OF TORRANCE, | |
| | Petition Filed:  March 8, 2024 |
| Defendant/Respondent. | |

Patrick Q. Sullivan (State Bar No. 179922)
psullivan@torranceca.gov
Tatia Y. Strader (State Bar No. 198735)
tstrader@torranceca.gov
Office of the City Attorney
3031 Torrance Blvd.
Torrance, California 90503
Telephone: (310) 618-5810
Facsimile:  (310) 618-5813

Attorneys for Defendant/Respondent,
City of Torrance

# DECLARATION OF MARK J. DILLON

I, Mark J. Dillon, declare as follows:

1.    I am a partner at Gatzke Dillon & Ballance, LLP and one of the attorneys for Defendant and Respondent City of Torrance (City) in this action.  I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would testify competently to the truth of the facts herein.  This declaration is filed in response to the Court's February 28, 2024, Order to Show Cause Re Sanctions and Dismissal. ECF No. 104.

2.    As discussed below, the City agrees that this case should be dismissed as terminating sanctions against Petitioner for its failure to prosecute the case Petitioner filed. The City has completed and certified the administrative record in this writ of mandate action, made repeated attempts to schedule a settlement session with Petitioner, through counsel, and proposed a writ briefing and hearing schedule to Petitioner's counsel, which was met with no substantive action from Petitioner.  The City's proposed briefing and hearing schedule was the City's effort to bring this writ case forward for final resolution at the district court level through briefing, with support by the administrative record, and oral argument at the court hearing. Petitioner's counsel balked at the proposal, the City made another attempt at reaching an accord on the case schedule, and Petitioner's counsel provided no reply at all.

3.    As background, this is a writ of mandate action challenging the City's Landing Fee Ordinance. On December 12, 2024, the parties filed their respective responses to the Court's Order to Show Cause re failure to meet the mediation deadline and requested that the Court continue their private mediation deadline to February 3, 2025 in light of the amended petition and the City's upcoming response to it, and the City's preparation and certification of administrative record.

4.    Petitioner filed its amended petition on December 3, 2024, which raised new allegations and claims, such as declaratory and injunctive relief, in addition to the writ relief, and allegations that the City violated the exclusive rights doctrine,

which was not pled in the original petition.  In addition, in the prayer for relief only (with no additional supporting allegations), Petitioner now appears to seek relief as to the City's touch and go ordinance, which was not pled in the original petition and is instead the subject of an unrelated action by a different petitioner (*Zamperini Airfield Preservation Society v. City of Torrance*, CV-24-4538-CBM(JPRx), referred herein as the "ZAPS Case").

5.    On January 2, 2025, the City filed an answer to the amended petition.

6.    On January 16, 2025, my firm emailed the draft administrative record and index for review to counsel in this case and in the ZAPS Case since the record was prepared to apply to both actions.  In our email, we requested counsel's comments by January 24, 2025, to allow the City to finalize and certify the record by January 30, 2025.  **Exhibit 1** attached hereto and incorporated by reference is a true and correct copy of the January 16, 2025, email to opposing counsel.

7.    Petitioner's counsel did not respond to our January 16, 2025 email.  Counsel in the ZAPS Case provided comments on the draft record, and the City addressed them and finalized the record, with no input from Petitioner's counsel in this case.

8.    The City filed with the Court the Notice of certification of the administrative record on February 6, 2025.  ECF No. 36.  **Exhibit 2** attached hereto and incorporated herein by reference is a true and correct copy of my firm's email, dated February 6, 2025, to opposing counsel regarding certification of the record.

9.    Since Petitioner's December 12, 2024 response to the OSC and through the City's certification of record, my firm has not received any emails or phone calls from opposing counsel to coordinate and schedule private mediation.  Following the City's certification of record, on February 6, 2025, my firm reached out to opposing counsel by email suggesting that the parties schedule a settlement call.  When we did not receive a response, or even an acknowledgment of our email from opposing counsel, we followed up with another email four days later.

10.     On February 10, 2025, since opposing counsel did not appear to be moving the case closer to briefing and hearing on Petitioner's writ petition, we prepared and emailed to opposing counsel a proposed stipulation and proposed order to: (1) vacate the trial date (and associated deadlines), and (2) schedule the parties' briefing and hearing in this writ case.  **Exhibit 3** attached hereto and incorporated by reference is a true and correct copy of my firm's February 10, 2025, email to opposing counsel regarding the proposed stipulation and order.

11.     Petitioner's counsel responded to my firm's follow-up email regarding settlement on February 10, 2025. However, in the response, Petitioner's counsel did not suggest the day and time for a settlement discussion between the parties. Instead, Petitioner's counsel brought up the City's current process of amending its Code, which is irrelevant to this action, and discussed Petitioner's objections to those draft amendments. Petitioner's counsel then alluded that "given the ongoing developments, and in the interest of judicial efficiency (*i.e.*, not bringing another petition once the municipal code is amended to make it even more defective..."), it might be worth stipulating to a different schedule and requesting the Court vacate and continue the "trial" date...?"  Attached hereto as **Exhibit 4** is a true and correct copy of Petitioner's counsel's February 10, 2025, email.

12.     On February 14, 2025, my firm responded to opposing counsel on both the settlement and proposed briefing/hearing stipulation topics.  In that response, we indicated that it was not clear if Petitioner is interested in settlement discussions:

> "… you did not reach out to start the mediation/settlement coordination between January 16 and February 3. Is your client interested in exploring settlement?  If not, say so clearly and we can report that to the court.  If yes, your client wants to explore settlement in a Zoom call, then please provide 2-3 dates and times for the settlement call."

*RESPONDENT'S RESPONSE TO OSC*

13.    Further, with respect to the City's proposed briefing and writ hearing stipulation schedule, my firm pointed out that it was not clear what changes to the stipulation opposing counsel was suggesting, and specifically stated that:

> "Our goal is to enter into a briefing and hearing schedule to show that we are moving this case along. Again, please revise the proposed dates if you believe more time is needed, but be mindful that the City would like to promptly resolve this case and now that the administrative record has been certified (with no input from you), we want to alert the court to our proposal to resolve this writ case on the record and briefing as promptly as possible."

14.    Since our February 14, 2025 email, two weeks went by with no response, or acknowledgment, from Petitioner's counsel.  In the morning of February 28, 2025, we sent a follow-up email.  There was no response from opposing counsel as of the Court's OSC (ECF No. 104).  True and correct copies of the February 6, 10, 14, and 28, 2025 emails from my office to opposing counsel, and opposing counsel's only email in response on February 10, 2025, regarding proposed settlement and stipulation, are attached hereto as **Exhibit 5** and incorporated herein by reference.  A true and correct copy of the latest version of the briefing and hearing schedule we proposed to Petitioner and attached to our February 14, 2025 email to Petitioner is attached hereto as **Exhibit 6** and incorporated herein by reference.

15.    Additionally, between February 7 and 28, 2025, as ordered by the Court, my firm was diligently working on the filing with the Court of the voluminous certified Administrative Record, consisting of almost 700 documents (or approximately 16,000 pages).  That effort took many attorney and assistant hours and costs to the City, and it further shows the City's good faith efforts to move this writ case closer to resolution on the merits.  ECF Nos. 41-103.

16.    As shown above, the City filed an answer to the amended petition and prepared, finalized, certified, and filed with the Court the administrative record as diligently and expeditiously as possible.  Petitioner, however, did not take any steps to coordinate and schedule a mediation session.  There was no email or call regarding

mediation coordination from Petitioner's counsel after Petitioner was served with the City's answer to the amended petition on January 2, 2025. There was no Petitioner response to the draft administrative record (which is virtually identical to the final record) or the final, certified record. And there was no substantive response from Petitioner's counsel, even after the City certified the record on February 6, 2025 (except for the vague and non-responsive email on February 10, 2025 [attached]).

17.    Therefore, the City agrees this case should be dismissed. Petitioner has made it apparent that it is not interested in advancing its own case to conclusion through a writ briefing and hearing on the claims alleged in the petition.  Opposing counsel has not informed us of any good cause for Petitioner's failure to coordinate and schedule mediation or settlement discussions, on its own initiative or in response to the City's invitation, and for its failure to advance the proposed stipulation we prepared to file with the Court.

18.    I believe good cause exists not to impose monetary sanctions against me as lead counsel for the City.  The City, as Respondent in this case, and my firm, have acted diligently, reasonably, and timely in moving this case closer to resolution through certification and filing of the administrative record and preparation of the proposed joint briefing and hearing schedule in this writ case. My firm also took the initiative to engage with opposing counsel to coordinate settlement discussions, but to no avail.

My declaration was executed on March 3, 2025, at Carlsbad, California. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

By:  */s/Mark J. Dillon*
Mark J. Dillon

*RESPONDENT'S RESPONSE TO OSC*

1

### CERTIFICATE OF SERVICE

2        I certify that counsel of record who are deemed to have consented to electronic

3   service are being served on March 3, 2025 with a copy of this document via the

4   Court's CM/ECF system pursuant to Local Rule 5-3.2.

5

6                                */s/ Mark J. Dillon*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*RESPONDENT'S RESPONSE TO OSC*