R. Christopher Harshman, Esq. (248214)
  charshman@shabyandassociates.com
DAVID M. SHABY II & ASSOCIATES, APC
11949 Jefferson Boulevard, Suite 104
Culver City, California 90230
Telephone:  (310) 827-7171
Facsimile:   (310) 822-8529
Service address: docket@shabyandassociates.com

*Attorneys for Torrance Airport Association*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Torrance Airport Association,<br><br>      Plaintiff/Petitioner,<br><br>      vs.<br><br>City of Torrance *et al.*,<br><br>      Defendants/Respondents. | Case no. CV 24-2692-JFW (MRWx)<br><br>Assigned to the Hon. John F. Walter<br><br>**DECLARATION OF R. CHRISTOPHER HARSHMAN** |

I, R. Christopher Harshman, declare as follows:

    1.    I am an attorney, duly licensed to practice law before all courts of the State of California, and an attorney with David M. Shaby II & Associates, APC, attorneys of record for the Torrance Airport Association ("TAA" or the "Association") in this action. I have personal knowledge of the following facts except to those stated on information and belief, and as to those facts, I believe them to be true. If called upon to testify, I could and would testify competently to the facts set forth in this Declaration.

    2.    I am additionally a member of the TAA board of directors, and familiar with, *inter alia*, the finances of the Association.

    3.    The Association is and at least the last several years has been funded only by the annual dues of its membership, which total approximately $4,000 per year. TAA has approximately $3,000 it can put towards the litigation of this matter, on behalf of its members.

4. The community of airport users at Zamperini Field is relatively small and the two lawsuits concerning the City's attacks on activity at its airport are matters of great local interest, so TAA is aware generally of what is happening in parallel litigation (see ¶ 9–10, below). Knowing the City was engaging in settlement discussions with another interested party, and being resource-poor, TAA was watching other developments with keen interest, hoping other issues could be resolved outside of this action.

5. On or about June 5, 2025, I contracted an unknown ailment believed to be a respiratory infection (an acquaintance of mine and I developed identical symptoms at exactly the same time (both of us were hit with symptoms the evening of June 9th, and both were unable to go into work as of the morning of June 10th); she, having health insurance, was I am informed and believe tested for, and tested negative for, COVID-19, strep, and Flu A), with accompanying fever, severe cough and congestion, lack of sleep, and debilitating fatigue. I attempted to appear in a state court hearing on or about June 13, 2025 and was unable, so Judge Cotton continued that hearing to this morning, when I was able to participate albeit with a lingering cough.

6. The only other attorney at David M. Shaby II & Associates, Attorneys at Law, APC is David M. Shaby II, who is 68 and mostly retired. Mr. Shaby was out of town when I was out of the office sick.

7. Shortly before being out of the office with this illness, I brought up the issue of the Court's ADR referral order not matching what the parties had agreed to; this was done in an email I sent to Yana Ridge and copying other counsel for Defendant / Respondent City of Torrance (the "City") on June 9, 2025, at 5:450 p.m. I mentioned requesting the Court amend that order to reflect the agreement of the parties.

8. Ms. Ridge replied to my email on June 10, 2025 at 11:58 a.m. (which I could not at that time read, let alone respond to; fatigued, my eyes could not focus on a screen well enough to read emails, those rare moments when I was awake while

wracked with fever). In that email, Ms. Ridge stated (*inter alia*), "we will not object to the TAA's request that the court amend its order" to reflect the parties' selection of a settlement conference before a Magistrate Judge as the agreed upon ADR procedure.

9. I am informed and believe that the plaintiff / petitioner in the Central District of California action *Zamperini Airfield Preservation Society v. City of Torrance et al*, Case No. 2:24-cv-04538-CBM-JPR ("ZAPS Action") is seeking some overlapping relief, e.g., a writ reflecting "that the 'regulation of aircraft flight rests solely with the Federal Aviation Administration' (FAA) and that pursuant to 49 U.S.C. § 40103(a)(1) 'any attempt to by City to regulate the airspace over Torrance or the Airport has been preempted'" (Notice of Removal, 24-cv-04538 ECF No. 1, 2:1–4).

10. I am further informed and believe that the plaintiff / petition in the ZAPS Action on the one hand, and the City on the other, participated in an ADR process in that action and arrived at a settlement agreement agreeable to both sides, and approved by the City's City Council in closed session, but that an amendment to the City's ordinances that was part of the agreed upon settlement was **not** approved by the City Council when put to a vote in a regular session of the City Council, and that as a result the ZAPS Action is now proceeding in litigation. I personally retrieved and reviewed the Joint Status Report re Settlement and Stipulated Briefing Schedule, ECF No. 29 in the ZAPS Action (24-cv-04538), and have attached hereto as Exhibit A a true and correct copy of that document for the Court's convenience.

11. I am aware that the City has submitted a document in this action regarding the parties' mediation status, but have not had an opportunity to review it (I was in a state court hearing this morning and then off site at a site inspection). I reviewed my email and confirmed I received nothing regarding this case from the City's counsel since the June 10, 2025 email I received from Yana Ridge, though I responded to that email yesterday, June 26, 2025 at 2:06 p.m. I confirmed via our telephone system's records and with my staff that no one representing the City attempted to contact me via

telephone. I have attached hereto as Exhibit B a true and correct copy of a screen shot I took at 3:18 p.m. June 27, 2025 of our case management system showing the most recent emails exchanged in this case between my office and the attorneys for the City.

    I declare under penalty of perjury that the foregoing is true and correct. Executed this 27th day of June, 2025 at Culver City, California.

                                                /s/ R. Christopher Harshman