| | |
|---|---|
| **UNITED STATES DISTRICT COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | JS-6 |

### CIVIL MINUTES -- GENERAL

| | | |
|---|---|---|
| Case No. | **CV 24-2692-JFW(MBKx)** | Date: March 9, 2026 |
| Title: | Torrance Airport Association -v- City of Torrance | |

**PRESENT:**

        **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**     **ORDER DISMISSING ACTION WITH PREJUDICE**

    On May 6, 2024, the Court issued a Scheduling and Case Management Order ("CMO"), which set December 2, 2024, as the last day to conduct a settlement conference/mediation and December 6, 2024, as the last day to file the Joint Report Re: Results of Settlement Conference/Mediation ("Joint Report").  See Docket No. 23.  In addition, in the Court's Order Vacating Scheduling Conference, Referral to Private Mediation, and Dismissing Any Unserved Doe Defendants, the Court referred the parties to private mediation for their Settlement Conference and ordered that the mediation be completed no later than December 2, 2024, and that the Joint Report be filed on December 6, 2024. See Docket No. 22.

    The parties failed to complete the required mediation by December 2, 2026.  In their Joint Report Re Settlement/Mediation filed on December 9, 2024, the parties contended that they were "unable to participate in mediation of this dispute before December 2, 2024 because (1) the administrative record of proceedings ha[d] not been completed to allow the parties to meaningfully prepare for a productive mediation session; and (2) the City filed an answer to the Petition on November 12, 2024, and Petitioner filed the first amended petition on December 4, 2024, which the City ha[d] not yet answered."  Docket No. 30.  After the deadline had already expired, the parties requested that the Court extend the deadline to complete the private mediation to February 3, 2025 to allow the administrative record to be certified, the answer to the amended petition to be filed, and the parties to prepare to mediate this matter.  Id. That same day, on December 9, 2024, the Court issued an Order to Show Cause why the Court should not impose sanctions in the amount of $1,500.00 against lead counsel for each of the parties and dismiss this action for their violation of the Court's CMO by failing to complete the Settlement Conference by the Court-ordered deadline of December 2, 2024. Docket No. 31.  On December 12, 2024, Petitioner Torrance Airport Association, Chapter of California Pilots Association ("Petitioner") and Respondent City of Torrance ("Respondent") each filed a Response to the Order to Show Case.  Docket Nos. 32 and 33.

Although the Court did not discharge the Order to Show Cause, it did not impose sanctions or dismiss the action at that time.

On February 28, 2025, the Court issued a second Order to Show Cause why the Court should not impose sanctions in the amount of $1,500.00 against lead counsel for each the parties and dismiss the action for their violation of the CMO, due to their failure to file the required pre-trial documents and their continued failure to complete the mediation or file a Joint Report Re: Results of Settlement Conference/Mediation (including by their requested February 3, 2026 deadline). *See* Docket No. 104. On March 3, 2025, Petitioner and Respondent each filed a Response to the Court's second Order to Show Cause. Docket Nos. 106 and 107. On March 4, 2025, in light of the parties' Responses, the Court concluded that this action would not be ready for trial on March 25, 2025 and vacated all dates in this action and set a new Scheduling Conference. Docket No. 108. On April 21, 2025, the Court issued a new Scheduling and Case Management Order, which set June 23, 2025, as the last day to conduct a settlement conference/mediation and June 27, 2025, as the last day to file the Joint Report Re: Results of Settlement Conference/Mediation. Docket No. 113. Although the Court did not discharge the Order to Show Cause, it did not impose sanctions or dismiss the action at that time.

The parties failed to file a Joint Report Re Results of Settlement Conference/Mediation on June 27, 2025 in violation of the new Scheduling and Case Management Order. Rather, on June 27, 2025, Respondent notified the Court that, despite Respondent's attempts to coordinate scheduling of the private mediation, Petitioner was primarily unresponsive. Petitioner apparently preferred a settlement conference before a magistrate judge instead of private mediation (and partially due to counsel's illness), Petitioner ignored the Court's order to participate in private mediation by June 23, 2025. On June 27, 2025 (after the deadline had passed to participate in private mediation), Petitioner filed a request that the Court permit the parties to participate in a settlement conference before a magistrate judge (instead of private mediation) and grant an additional extension of time to complete the settlement conference. Docket Nos. 116 to 118. On June 30, 2025, the Court denied Petitioner's request for no showing of good cause. Docket No. 119.

On January 20, 2026, the parties filed a Joint Stipulation to Vacate Trial Date and Set a Briefing and Hearing Schedule on Petitioner's Writ of Mandate Petition. Docket No. 120. The Court approved the Stipulation and issued an Order Vacating Trial Date and Setting a Briefing and Hearing Schedule on Petitioner's Writ of Mandate Petition. Docket No. 121. However, on January 21, 2026, the Court issued an Order expressly advising the parties: "The Court's Order Vacating Trial Date and Setting a Briefing Schedule on Petitioners Writ of Mandate Petition filed on January 20, 2026 (Docket No. 121) does not relieve the parties of their obligation to participate in private mediation as required by the Court's prior orders (See Docket Nos. 112 and 113 ). The parties shall participate in ADR Procedure No. 3 (Private Mediation) on or before March 2, 2026 and shall file their Joint Report re: results of Mediation on or before March 6, 2026." Docket No. 122.

Once again, no Joint Report was filed on March 6, 2026. Rather, on March 6, 2026, Respondent filed a Response Regarding Mediation Status on its own behalf, notifying the Court that despite Respondent's multiple efforts to participate in private mediation as ordered by the Court, Petitioner's counsel was once again primarily unresponsive. Indeed, Petitioner's counsel did not respond to Respondent's attempts until the afternoon of Friday February 27, 2026, just before

the completion deadline of Monday March 2, 2026, when he proposed two mediators. In response, Respondent's counsel advised Petitioner's counsel that his response was untimely, asked if Petitioner's counsel would like to prepare a Joint Report, and warned Petitioner's counsel that if he did not respond, Respondent would submit a Report on its own behalf and seek dismissal of this action.  Petitioner's counsel failed to respond, and did not file any report regarding mediation by the Court-ordered deadline of March 6, 2026.  Respondent now seeks dismissal of this action.

"District courts have inherent power to control their dockets. In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  "A terminating sanction, whether default judgment against a defendant or dismissal of a plaintiff's action, is very severe." *See Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). "Only 'willfulness, bad faith, and fault' justify terminating sanctions." *Id.* (citations omitted).  In deciding whether to impose the harsh sanction of dismissal, the Court considers the following factors: " '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006) (quoting *Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995)).

In this case, Petitioner has repeatedly violated the Court's orders and willfully ignored its obligation to participate in private mediation as ordered by the Court, despite the Court giving Petitioner more opportunities than Petitioner deserved.  Indeed, the Court has issued multiple orders to show cause why this action should not dismissed for Petitioner's failure to participate in the private mediation as ordered by the Court, *see* Docket Nos. 31, 104, and has continued the deadline to participate in private mediation multiple times. Docket Nos. 113, 122. Nevertheless, Petitioner continued to violate the Court's orders and ignore the Court's deadlines.

After considering all of the relevant factors and Petitioner's apparent willful disobedience of the Court's Orders, the Court **GRANTS** Respondent's request for terminating sanctions.  This action is **DISMISSED with prejudice.**

IT IS SO ORDERED.